## Stevick *versus* Commonwealth.

1. Misdemeanor and felony may be joined in an indictment, except where the offences are repugnant in their nature and legal incidents, and the trial and judgment so incongruous as to tend to deprive the defendant of some legal advantage.

2. Under the Act of April 3d 1872, the defendant is incompetent to testify if there be a count for felony joined with that for misdemeanor.

3. *It seems* in such case that the advantage of the act can be secured only by asking that the several charges be separately tried.

May 10th 1875.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Oyer and Terminer of *Cumberland county* : Of May Term 1875, No. 43.

This was an indictment found August 24th 1874, against Martin Stevick.    It contained three counts :—

1. For committing a rape on Clara E. Gephart.

2. Assault and battery on Clara E. Gephart with intent to commit a rape.

3. Fornication with Clara E. Gephart.

On the trial August 26th 1874, before Junkin, P. J., the defendant offered himself as a witness, under the Act of April 3d 1872, section 1 (Pamph. L. 34, 1 Br. Purd. 625 pl. 21), which in proceedings against persons charged with offences " not above the grade of misdemeanor," allows the defendant upon his own request to be a witness.

The Commonwealth objected to him as incompetent because the indictment contained a count for felony.    On that ground the court sustained the objection, excluded the witness and sealed a bill of exceptions.    From the charge of the court below enough of the case is presented for the understanding of the assignment of error and the application of the principles of the opinion of the Supreme Court.    The court charged :—

" The prisoner, Martin Stevick, is charged by this indictment with rape, defined in law to be the offence of having carnal knowledge of a woman against her will.    It is a charge easily made and difficult to defend against ; and so sensible is the law of this that evidence is received on behalf of the defence, uniformly disallowed in all other cases.    For instance it is permitted the defendant to show, where he can, that the character of the person ravished is bad for chastity—and in order to guard against false charges in cases of this kind—it has been deemed an important test of the sincerity of the woman, that while the commission of the offence was in progress she cried aloud, struggled and complained on the first opportunity, and prosecuted the offender without delay. Where the proof shows that the woman neither struggled, nor cried out, when cries might even by possibility be heard, and de-

layed invoking the arm of the law for the punishment of the offender, suspicion is justly aroused, that the charge is false and feigned.

\* \* \* " But when the female has done all these things, the law gives great consideration to her complaint. [We could expect a grown woman whose cries could by possibility be heard, to cry out, while a girl of tender years could be excused from so doing.]

" This little girl Clara swears, that on the 23d of July last, the prisoner overtook her on the road from Newburg (where she had been on business) to her aunt's, with whom she lived, passed her near a grave-yard, hitched his horse, came a little way back to the stone bridge to meet her ; did meet her there and offered her fifty cents to permit him to take liberties with her ; she declined the offer, and he then passed on in advance of her a short distance, and when she came up took hold of her, pulled her into a fence-corner by the wayside, and threatened to shoot her if she cried out, then threw her down and had connection with her ; penetrated her person, but had not completed sexual intercourse before Mr. Ramp came or was seen coming in the direction they were, whom the defendant perceiving desisted and ran off and hid in the neighborhood of the grave-yard. [She gives details with minuteness, and if believed, makes out the full charge of rape against the prisoner.] She is supported by Mr. Ramp ; the gentleman whose appearance interrupted the movements of the prisoner ; in some of the details, such as his coming into view when he did ; her hurrying up after him, and overtaking, and keeping up with him for one and one-half miles, although he was on horseback, and telling him that there was a man back at the grave-yard that she was afraid of. And Mr. Ramp says that he told her that he had seen the bushes shake, but he had seen no one. Thus she learned that they were not seen by Ramp, and that he had nothing to disclose, yet nevertheless, she tells her aunt about it next morning, and seemed troubled. Now these circumstances are important in determining whether, as is alleged by defendant, she consented to sexual intercourse. If she had done so she was deeply interested in concealing it, yet she tells her aunt about it next morning, and at that time, as she had ascertained from Ramp, no one knew it but herself and the young man. Then it is pertinent to inquire why should she reveal the occurrence to her aunt ? and if she consented why was she in trouble ? and if she consented why her hurry to keep up with Ramp. Then it appears that she had no acquaintance with this defendant ; they were strangers to each other ; never spoke with each other before ; lived four miles apart, and he followed her from his home in Newburg on her way to her home, and is it likely that parties who had no previous knowledge or acquaintance should thus consent to sexual intercourse on the highway ? All these things are to be considered by you.

[Stevick *v.* Commonwealth.]

"But whether the crime of rape, in its legal signification is established, depends upon the following facts being established to your satisfaction, and beyond a reasonable doubt, namely: did the prisoner penetrate the person of this girl Clara? because unless you are satisfied that such was the case, the offence of rape is not made out, but would amount to an assault and battery, with intent to commit a rape—a very different offence—but is also charged in this indictment under the second count. To convict of rape, it is necessary that the person of the girl should have been penetrated; but any entry, however slight, is sufficient, and there need be no emission of seed. This girl, being over thirteen years of age (she is going on fourteen), was in law capable of consenting to sexual intercourse. Where the consent of the female is obtained, though by fraud and deception, there is no rape; but connection with a woman when insensible or unconscious, from whatever cause, is rape. Absence of assent will constitute rape, except where the female is under ten years' of age, because children of such tender years are incapable of consenting to connection. But where the consent is obtained by threats of inflicting great bodily injury, that is not the kind of assent which relieves the act from the grade of rape. But even assent after the act is committed is no defence, and if consent is given, but afterwards withdrawn before the act, and the party instead of desisting goes on to consummation, that would be forcible and against consent, and the offence of rape is complete. When there is nothing to deter the woman from resisting, and she is conscious, and able to show dissent and does not, it will be taken as her assent. A doubtful or mixed case, that is, where the evidence renders it uncertain whether the female consented or not, the offence of the rape is not established.

"Then did this girl consent? If she did not, and the prisoner forced her, and prevented her struggles and cries by threatening violence to her person—great bodily harm—and thus he succeeded in penetrating her person but a little, he is guilty of rape, and you should convict. On the question of the consent of Clara, you should consider the probabilities of one so young as thirteen years only being exposed to the promptings of desire, passion and lust. Ordinarily concupiscence does not develop in one so youthful, but sometimes it does, and cases are not infrequent establishing this fact. Yet nature ordinarily gives warning of the age of puberty. * * * Do you discover any such indications about this slender and child-like form? We see none.

"Then looking carefully into all the facts and attending circumstances, do your minds from these facts and circumstances, naturally, without wishing or seeking, reach the conclusion, that the prisoner did assault this little girl, and commit the crime of rape upon her person; or failing in the accomplishment of his ultimate purpose, did his efforts only amount to an assault and battery,

[Stevick v. Commonwealth.]

with the intent to commit the crime of rape ?   If you are satisfied beyond a reasonable doubt, that he assaulted and consummated his purpose, then find him guilty on the first count of the indictment.   If he attempted and failed, find him not guilty of rape but guilty of assault and battery with the intent to commit a rape.   If, however, there is a reasonable doubt as to whether the prisoner assaulted this girl for the purpose aforesaid—but you are on the other hand satisfied that this sexual intercourse was by consent of the girl Clara—you should acquit on the first and second counts, and convict on the third count, which is for simple fornication."

The jury found the defendant guilty on the first count of the indictment.   He was sentenced to one year's imprisonment in the Eastern Penitentiary.

He removed the record to the Supreme Court by writ of error, and assigned twelve errors :—

1. The joinder of a count for rape with a count for fornication.
2. Rejecting the defendant as a witness.
4, 6.  The parts of the charge in brackets.
5, 7, 8, 9, 10.  Statements by the court as to tne evidence in other parts of the charge.
11.  The court should have charged that the crime of rape was not proved, and directed an acquittal.
12.  The sentence was unauthorized—is illegal and void.

*J. G. Vale* and *W. J. Shearer* for plaintiff in error, as to what constitutes rape, cited Regina v. McRue, 8 Carr. & P. 641 ; Rex v. Gammon, 5 Id. 321.

*W. F. Sadler* (District Attorney), *F. E. Beltzhoover* and *W. H. Miller* for Commonwealth, defendant in error.—As to the right to join felony and misdemeanor in the same indictment; they cited Henwood v. Commonwealth, 2 P. F. Smith 424 ; Commonwealth v. Birdsall, 19 Id. 482.   As to what constitutes rape, they cited Wharton's Crim. L. 1137, 1138 ; Reg. v. Allen, 9 Carr. & P. 31 ; Rex v. Jordan, Id. 118 ; Stout v. Commonwealth, 11 S. & R. 177 ; State v. Lattin, 29 Conn. 389.

Mr. Justice WOODWARD delivered the opinion of the court May 31st 1875.

That counts for felony and misdemeanor may be properly joined in an indictment, has been established by an unbroken series of decisions of this court.   Such a joinder is now always permitted except where the offences are repugnant in their nature and legal incidents, and the trial and judgment so incongruous as to tend to deprive the defendant of some legal advantage : Henwood v. Commonwealth, 2 P. F. Smith 424.

The offer of the evidence of the prisoner was properly rejected.

[Stevick *v.* Commonwealth.]

The fact that the indictment contained a count for misdemeanor did not make him competent, because it contained also a count for felony. In such a case, the advantage of the Act of the 3d of April 1872, can probably only be secured by asking that the several charges may be separately tried. The decision in Harman *v.* The Commonwealth, 12 S. & R. 69, seems to indicate the propriety of some such course. It was said there that " where two offences are charged, if the defendant can make it appear that this mode of proceeding will subject him to unreasonable difficulty or embarrassment on his trial, the court have it in their power to protect him by quashing the indictment or compelling the prosecutor to elect on which count he will proceed and discharge the defendant from the other."

If the sentences selected from the charge on which the fourth and sixth assignments of error are based, were alone in view, there would be some foundation for the complaint that the court had usurped the functions of the jury. But the charge is to be considered not in disjointed fragments, but as a whole. The elements of the crime of rape were stated, the evidence was submitted with adequate accuracy, and the jury were left to say whether, under that evidence, the charge against the prisoner was made out. That it was not the intention of the court to lay down a legal rule for the decision of the cause by saying that " a girl of tender years could be excused" for failing to make outcry, is manifest from the instructions subsequently given. " Then," the court said, " did this girl consent ? If she did not, and the prisoner forced her, and prevented her struggles and cries by threatening violence to her person—great bodily harm—and thus he succeeded in penetrating her person, he is guilty of rape, and you should convict." In the same way, the statement that the evidence of the prosecutrix, if believed, made out the full charge of rape, is to be taken in connection with the language of the court in later portions of the charge, by which the facts were submitted to the uncontrolled discretion of the jury. The remaining assignments, except the last, relate to questions that were legitimate subjects for discussion on a motion for a new trial in the court below, but are not open for review on a writ of error.

The twelfth assignment asserts that the sentence was unauthorized, and is illegal and void. No reason is set out in the paper-book for this allegation. It does not appear that the attention of the judge who imposed the sentence was called to the error that is charged ; and there would be hazard of mischief and mistake if this court were to undertake to grope in the record for the grounds on which the allegation rests.

                                   Judgment affirmed.