## Hunter *versus* Commonwealth.

1. Upon an indictment charging a particular crime, the defendant may be convicted of a less offence included in it.

2. A felony triable in the Quarter Sessions may be joined with a misdemeanor growing out of the same transaction and part of it.

3. A defendant was indicted in a single count, that he "feloniously did make an assault on F. * * * and shoot at said F. with intent to murder him." *Held,* that he might be convicted of an assault only ; the *assault* was the offence charged, the *intent* the mere aggravation.

4. Where a defendant is tried on an indictment charging both a felony and misdemeanor, he cannot testify under the Act of April 3d 1872.

5. If a count for felony be joined with one for misdemeanor, for the purpose of excluding defendant as a witness, the court trying the case has power to prevent the law from being abused.

6. The common-law rule, that on an indictment for a felony there can be no conviction for a misdemeanor, does not exist in Pennsylvania.

7. Commonwealth *v.* Gable, 7 S. & R. 433 ; Dinkey *v.* Commonwealth, 5 Harris 127, distinguished.

November — 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Quarter Sessions of *Allegheny county :* Of October and November Term 1875, No. 73.

At the September Term 1874, of the Court of Quarter Sessions, an indictment was found against James A. Hunter and Agatha Hunter, that they "with force and arms, feloniously did make an assault upon one Samuel Floyd, &c., * * * and that the said James A. Hunter, in his right hand then and there had and held (a pistol, and) feloniously did then and there shoot at the said Samuel Floyd with intent, him, the said Samuel Floyd, then and there feloniously to kill and murder. And that the said Agatha Hunter, at the time of the committing of the felony and assault afore-

| 79 | 503 |
| 130 | 274 |
| 79 | 503 |
| 140 | 564 |
| 79 | 503 |
| 149 | 39 |
| 79 | 503 |
| 21 SC | ²232 |
| 79 | 503 |
| 25 SC | ⁶493 |

said, &c., * * * was there present, aiding, helping, abetting, assisting, comforting and maintaining the said James A. Hunter in the felony and assault aforesaid, in manner and form aforesaid, to do, commit, and perpetrate. And so the inquest aforesaid, &c., do say that the said James A. Hunter and the said Agatha Hunter then and there, in manner and form aforesaid, feloniously did shoot at the said Samuel Floyd with intent, him, the said Samuel Floyd, then and there, feloniously to kill and murder, contrary to the form of the Act of the General Assembly," &c.

The indictment was tried November 23d. 1874, and the jury found " the defendants, James A. Hunter and Agatha Hunter, guilty of an assault."

On the 28th November 1874, the defendants moved in arrest of judgment, for the following reason :—

" That the indictment, containing but one count, charged a felony, of which offence the jury acquitted, but found defendants guilty of a misdemeanor, upon which finding no judgment can be entered, because the greater offence contains the lesser, and the latter was merged in the former; because there is no statute authorizing it ; no decision of the Supreme Court changing the common law and practice, and at common law, both in England and here, no such judgment could be entered on such a finding."

On the 2d of January 1875, the motion was overruled and James A. Hunter was sentenced to pay a fine of $200 and be imprisoned for ten months.

James A. Hunter took a writ of error and assigned for error, that the court erred :—

1. In overruling defendant's motion in arrest of judgment.

2. In holding that a conviction could be had for a misdemeanor in an indictment charging a felony alone.

*J. S. Ferguson, M. Swartzwelder,* and *R. M. Gibson,* for plaintiff in error, cited Henwood *v.* Commonwealth, 2 P. F. Smith 424 ; Stevick *v.* Commonwealth, 28 Id. 460 ; Commonwealth *v.* Gable, 7 S. & R. 433 ; Dinkey *v.* Commonwealth, 5 Harris 129. The offence charged being a felony under the criminal code of March 31, 1860, sect. 82, Pamph. L. 403, 1 Br. Purd. 340, pl. 128,. the defendant would be prevented from testifying under Act of April 3d 1872, sect. 1, Pamph. L. 34, 1 Br. Purd. 625, pl. 21.

*T. M. Marshall,* for Commonwealth, defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, November 15th 1875.

The plaintiff in error was indicted for a felonious assault. The jury convicted him of assault. A motion in arrest of judgment was made, which was overruled by the court below, and judgment entered on the verdict. This is assigned here for error.

[Hunter v. Commonwealth.]

The record presents the single question, whether upon an indictment charging a felony, the jury may acquit of the felony, and convict of the constituent misdemeanor. We are in no doubt as to the rule at common law. It was long held in England, that upon an indictment for a felony there could be no conviction for the minor offence of misdemeanor: Rex v. Cross, 1 Ld. Raym. 711; s. c. 3 Salk. 193; 2 Hawk., chap. 47, § 6; 1 Chit. C. L. 251 and 639. The reason of the rule was, that persons indicted for misdemeanors were entitled to certain advantages at the trial, such as the right to make a full defence by counsel; to have a copy of the indictment, and a special jury, privileges not accorded to those indicted for a felony. It is apprehended these reasons no longer exist in England—at least not to the extent they did formerly, for by the stat. 1 Vict., ch. 85, § 11 (Lord Denman's Act), the rule itself has been abolished, and now upon a bill charging a felony, a conviction may there be had for a constituent misdemeanor. It is clear that the reason of the rule has no application in this state. On the contrary, the advantages, if any, upon the trial, are all in favor of those charged with a felony. By the merciful provisions of our criminal law, the higher and more atrocious the crime, the more numerous are the safeguards thrown around the accused, and the more jealously does the law guard every legal right to which he is entitled.

The rule in other states of this country is by no means uniform. It is said by Mr. Wharton, in his work on Criminal Law, § 400, that the old common-law rule is still followed in Massachusetts, in Indiana and Maryland; while in New York, Vermont, New Jersey, Ohio, North Carolina, South Carolina and Arkansas, it has been held that the reason of the English rule having ceased, the rule itself ceases, in obedience to the maxim *cessante ratione legis cessat ipsa lex*. A number of authorities are introduced by Mr. Wharton, which it is unnecessary to refer to here. The learned author places Pennsylvania as among the states in which the old common-law rule still prevails, and cites The Commonwealth v. Gable, 7 S. & R. 433, in support of his text. The case referred to is authority only for what it decides. No such question was before the court. The contention there was whether upon an indictment for murder, a conviction for manslaughter, without stating it was for voluntary manslaughter, could be sustained. The court held that the verdict was sufficiently certain; that it was to be presumed the jury meant voluntary manslaughter. It is true, C. J. Tilghman, who delivered the opinion of the court, recognised the common-law rule referred to, but it was assumed, not argued. Indeed, it could not well have been otherwise, as the point was not made. Black, C. J., also appears to have recognised the rule in Dinkey v. The Commonwealth, 5 Harris 127, when he said that, " on an indictment for a felony, there cannot be

[Hunter *v.* Commonwealth.]

a conviction for a minor offence included within it, if such minor offence be a misdemeanor." But this point was not before the court in Dinkey *v.* Commonwealth. All that case ruled was, that an indictment for seduction under the statute includes the charge of fornication, and that a party indicted for seduction and acquitted, may plead such an acquittal in bar of the subsequent indictment for fornication and bastardy on the same act ; and the record will he a complete defence. It will thus be seen that Dinkey *v.* The Commonwealth, as well as Commonwealth *v.* Gable, are not authority to the extent claimed for them, and can hardly be said to support the rule. On the other hand, we are not without authority to support a conviction of a misdemeanor upon an indictment charging a felony. In Harman *v.* The Commonwealth, 12 S. & R. 69, in which it was held that a count charging assault with intent to ravish might be joined with a count for rape, C. J. Tilghman shows that as far back as 1772, upon an indictment charging rape, the defendant had been convicted of an assault with intent to ravish. In Shouse *v.* The Commonwealth, the principle is laid down by Burnside, J. : " When a count in an indictment contains a divisible averment, it is the province of the jury to discriminate and find the divisible offence ; and this distinction runs through the whole criminal law. It is enough to prove so much of the indictment as shows that the defendants, or any one of them has committed a substantial crime therein specified." Justice Burnside then proceeds to cite Rex *v.* Dawson, 3 Starkie 62, where an indictment charged the defendant with an assault with intent to abuse and carnally know a female child, and it was held that he might be convicted of an assault to abuse her simply : 5 Ohio R. 242, where it was held that on an indictment for an assault with an intent to murder, there may be a conviction of an assault simply ; and adds : " this is the law and practice of Pennsylvania." The general rule is well settled that upon an indictment charging a particular crime, the defendant may be convicted of a lesser offence included within it. Thus upon an indictment for murder the prisoner may be convicted of manslaughter ; a person charged with burglary may be convicted of larceny, if the proof fail of breaking and entering; a person charged with seduction may be convicted of fornication : Dinkey *v.* Commonwealth, 5 Harris 127 ; when persons are indicted for riotous assault and battery, they may be convicted of assault and battery only : Shouse *v.* Commonwealth, 5 Barr 83 ; when the charge is assault and battery, a conviction may be had for assault. Instances of this kind might be multiplied indefinitely if necessary.

The common-law rule that a felony and misdemeanor cannot be joined in the same indictment had its foundation in substantially the same reasons as the rule under discussion. Yet we have seen that it was departed from in Harman *v.* The Commonwealth.

[Hunter v. Commonwealth.]

Since then it has been constantly undermined. In Henwood v. The Commonwealth, 2 P. F. Smith 424, it was said by Agnew, J., that " the English rule against the joinder of a felony and misdemeanor in the same indictment has been greatly modified by modern decisions. It would be going too far to say now that it exists in any case except it is where the offences are repugnant in their nature and legal incidents, and the trial and judgment so incongruous as to tend to deprive the defendant of some legal advantage," citing Reg. v. Ferguson, 29 Eng. L. & E. 536 ; Harman v. Commonwealth *supra*; State v. Hooker, 17 Vt. 658; State v. Boyle, 1 McMullin 190, and other cases. I regard it therefore as the settled rule in this state, that a felony triable in the Quarter Sessions may be joined in the same indictment with a misdemeanor growing out and a part of the same transaction. Whether a misdemeanor may be joined in the same indictment with a felony which is triable exclusively in the Oyer and Terminer, is a question about which I express no opinion, as the principle is not necessarily involved in this case.

If the indictment here had contained a count charging assault merely, it is clear from the above authorities that there would have been no misjoinder. It is equally clear that a conviction for the assault and an acquittal for the felony would have been good. So would a conviction upon the bill generally. If then there could have been a conviction upon the count for assault, why not without the count ? We have seen that the rule against the non-joinder of the two offences no longer exists. What is there left to support the position that upon the charge of felony a conviction cannot be had for its constituent misdemeanor ? In this case the defendant was indicted for an assault with intent to kill. He was convicted of an assault. This was the very offence with which he was charged. The intent to kill is a mere qualification or aggravation of the crime. The fact to be proved by the Commonwealth was the assault. It was for the jury to say whether, under the circumstances attending the assault, the nature of the attack, and the means employed, it was accompanied with an intent to take life. Upon the question of the intent, the jury have found in favor of the defendant, but convicted of assault. How has he been injured by this ? The greater crime necessarily involved the less. It was divisible. The lesser could exist without the greater, and the jury have so found. There was no surprise upon the defendant. The fact of the assault was the very issue before the jury, and he enjoyed every legal right incident to the trial that he would have been entitled to if he had been indicted for the misdemeanor. Nor is he left in any peril hereafter. The plea of *autrefois convict* would be a sufficient answer to a subsequent indictment for the misdemeanor.

It was strongly urged, however, as a reason why this conviction

[Hunter *v.* Commonwealth.]

should not be sustained, that the defendant was deprived of the benefit of the Act of April 3d 1872, which permits defendants charged with offences not above the grade of misdemeanor (forgery and perjury excepted) to testify in their own behalf. The objection is plausible, but unsound. The act in question may be regarded as an indulgence extended to defendants in certain cases. It was not intended to embarrass or delay the administration of criminal justice, nor to make two trials necessary where one sufficed before. It is not to be extended to cases not enumerated in the act. It has no application where a party is charged with a felony. Such was the charge here. It is true the result of the trial shows the defendant did not commit the felony. But that was one of the questions of fact the jury were called upon to try. In the determination of such an issue the defendant had no right to be heard from the witness-stand. Had the indictment included a count for the assault it cannot be pretended that the defendant would have been a competent witness. And if convicted of the misdemeanor only, it would not have been a sufficient ground to arrest the judgment. If it be urged that this view of the effect of the Act of 1872 may lead to cases of hardship, it is sufficient to say that the remedy for such cases is in the courts below. If a count for a felony is joined in an indictment with a count for a misdemeanor for the mere purpose of closing the mouth of the defendant, the judge before whom the cause is tried has ample power to see that the process of the law is not abused. It is not to be presumed that public officers charged with the prosecution of the pleas of the Commonwealth will use the powers they possess to the injury of the citizen.

The common law bristles with technicalities. It was said by Lord Hale, an eminent as well as a humane judge, that such niceties " were grown to be a blemish and an inconvenience in the law, and the administration thereof; that more offenders escape by the easy ear given to exceptions to indictments than by the manifestations of their innocence, and the grossest criminals had gone unpunished by reason of these unseemly niceties." Many of the niceties to which Lord Hale alluded survived long after the reasons in which they had their origin had passed away. But few of them remain to vex the administration of justice. The tendency of modern legislation and of judicial decision is to disregard mere technicalities, and to regard the substance rather than the form. Our revised Criminal Code and Criminal Procedure Act have brushed away many of these " unseemly niceties." Among these changes may be noticed § 107 of the Code, defining the offence of larceny by any clerk, servant, or person in the employ of another, where the property stolen has never gone into the actual possession of the owner; § 108, in regard to larceny by bailees, where the bailee shall not break bulk, or otherwise determine the bail-

[Hunter *v.* Commonwealth.]

ment; also sections 11 to 22 of the Criminal Procedure Act, relating to indictments and pleadings, allowing the amendment of indictments in mere formal matters; simplifying the forms of indictments, so that it is sufficient to charge the offence substantially; and sections 50 and 51 of the last-named act, in the former of which it is provided that a party indicted for felony or a misdemeanor may be found guilty of an attempt to commit the same; and in the latter, that persons indicted for a misdemeanor shall not be acquitted, if upon the trial the offence turns out to be a felony. The last-named sections have an important bearing upon the question under consideration. The analogy is so close that we might safely rest our decision upon it. The statute having made it the duty of the jury to convict of an attempt where the proof fails of the completed offence, it is difficult to see any sufficient reason why a conviction may not be had for a completed misdemeanor, when the proof fails of the perpetration of the felony of which it is a constituent.

In the Quarter Sessions of Philadelphia, the most important criminal court in the state, the English rule has long since been abandoned. So far as I have means of knowledge the same is the case throughout the state. While this is not conclusive, it is yet important, as showing the drift of the judicial and professional mind.

In view of all these facts, and of the authorities cited, we have no hesitation in declaring that the old common-law rule, that upon an indictment for a felony there can be no conviction for a misdemeanor, no longer exists in Pennsylvania.

The judgment of the Court of Quarter Sessions is affirmed, and it is now ordered here, that James A. Hunter, the plaintiff in error, be remanded to the custody of the keeper of the Allegheny County Workhouse, there to be confined according to law and the sentence of the court below, for the residue of the term to which he was sentenced, and which had not expired on the 12th day of February 1875, when the writ of error in this case was lodged in the office of the clerk of Quarter Sessions; and that the record be remitted to the said court with instructions to carry this order into effect.