## COMMONWEALTH v. ALVIRA SHUTTE.

APPEAL BY DEFENDANT FROM THE COURT OF OYER AND TERMINER OF ARMSTRONG COUNTY.

Argued October 16, 1889—Decided November 11, 1889.

A count for larceny as bailee may properly be joined with another for robbery, when they relate to the same act of the defendant; and, the indictment being certified for trial into the Court of Oyer and Terminer, the defendant may be convicted upon the count for larceny as bailee, although acquitted upon that for robbery.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 236 October Term 1889, Sup. Ct.; court below, No. 1 September Term 1889, O. and T.

On September 3, 1889, the grand jury returned as a true bill an indictment of Alvira Shutte, in two counts; the first count charging robbery, and the second, larceny. On September 10th, the indictment was certified into the Court of Oyer and Terminer, and on the same day was called for trial. Before the jury was sworn, the defendant by her counsel moved the court to compel the commonwealth to elect upon which count the defendant should be tried; the first count charging a crime triable in the Court of Oyer and Terminer, and the second charging a crime triable in the Court of Quarter Sessions; and for the further reason that the two offences charged were repugnant. The court refused the motion, and directed the defendant to plead to the indictment.

The defendant then pleaded not guilty. The jury having been sworn and the testimony submitted, they returned a verdict of not guilty as to the first count, but guilty, as charged in the second count, of larceny as bailee to the amount of $60. The defendant then moved the court in arrest of judgment, assigning as reasons, in substance, (1) that the offence charged in one count was triable only in the Court of Oyer and Terminer, and that charged in the other, was triable only in the Court of Quarter Sessions. (2) That the two offences were repugnant in their nature and legal incidents. (3) That the defendant, being acquitted of the charge of robbery, the court trying the cause had no jurisdiction of the offence of which the defendant was convicted. The court refused the motion.

Judgment was then passed upon the verdict, when the defendant, having obtained the allowance thereof, took this appeal, assigning as errors, the refusal of the motion to compel the commonwealth to elect, and of the motion in arrest of judgment.

*Mr. H. N. Snyder*, for the appellant.

Counsel cited: Hunter v. Commonwealth, 79 Pa. 503; §§ 31, 32, act of March 31, 1860, P. L. 437; Dinkey v. Commonwealth, 17 Pa. 126.

Opinion of the Court.

*Mr. J. W. King* (with him *Mr. D. B. Heiner*, District Attorney), for the commonwealth.

Counsel cited: Commonwealth v. Birdsall, 69 Pa. 482; Harman v. Commonwealth, 12 S. & R. 69; Stevick v. Commonwealth, 78 Pa. 463; Henwood v. Commonwealth, 52 Pa. 424.

PER CURIAM:

The defendant below was convicted of the offence of larceny as bailee. The indictment contained two counts; one charging robbery, and the other larceny as bailee. It was found in the Quarter Sessions, and certified into the Oyer and Terminer. The jury acquitted the defendant upon the count charging robbery, and she now contends that the count upon which she was convicted was improperly joined with that for robbery, which is exclusively triable in the Oyer and Terminer. In other words, that the Oyer and Terminer can only try indictments found in the Quarter Sessions, and certified into the Oyer and Terminer according to law, and that, under § 32, act of March 31, 1860, P. L. 438, the Court of Quarter Sessions can only lawfully certify indictments found in the Quarter Sessions for crimes or offences not triable therein. The answer to this objection is obvious. The indictment charges robbery, which is triable exclusively in the Oyer and Terminer; hence it was properly certified into that court. Does the fact that it also contained a count for an offence triable in the Quarter Sessions oust the jurisdiction of the Oyer and Terminer? If so, we would have the anomaly of an indictment which could not be tried in either court. The Quarter Sessions could not certify one count only into the Oyer and Terminer. Nor do we think there was a misjoinder. While the evidence is not given, it is manifest that both counts were for substantially the same offence. The higher offence was not proven, but the defendant was convicted of the larceny as bailee, of the same property referred to in the first count. The offence charged in the second count was not repugnant to that charged in the first. It was a constituent part of the same offence. The general rule is well settled that upon an indictment charging a particular crime the defendant may be convicted of a lesser offence included within it. A person charged with burglary may be convicted of larceny: Hunter v. Commonwealth, 79 Pa. 503. A

Statement of Facts.

count charging assault with intent to ravish may be included in a count charging rape : Harman v. Commonwealth, 12 S. & R. 69. These authorities, and many others that might be cited, show that there was no misjoinder. Nor was the defendant injured in any way. Her rights were not jeoparded by the joinder of the two counts, nor was she deprived thereby of any legal benefit or privilege at the trial. Her objections are purely technical, and without merit. As was observed in Hunter v. Commonwealth, supra: " The tendency of modern legislation and judicial decision is to disregard mere technicalities, and to regard the substance rather than the form."

Judgment affirmed.