# Commonwealth of Pennsylvania *v.* Frank Adams, Appellant.

*Criminal law—Practice, O. & T.—Indictment—Murder—Assault and battery.*

The right upon an indictment for murder, to convict the defendant of assault and battery as a constituent misdemeanor, and included in the felony is by implication forbidden by the act of March 31, 1860.

Applying the legal maxim expressio unius exclusio alterius to the construction of this statute, it is equivalent to the direction by the legislature that upon trial of any indictment for murder and manslaughter there can be no conviction for assault and battery.

*Murder—Conviction for assault on indictment for murder improper.*

Upon full deliberation and after careful consideration of all the authorities it is held by the Superior Court that not only on a trial for assault and battery in an indictment for murder is conviction for assault and battery forbidden by statute, but that upon principle it is unfair and unjust to the defendant. It deprives him of the opportunity and right to settle the misdemeanor as conferred by sec. 9, act March 31, 1860, P. L. 432; it compels him to defend without notice against murder, manslaughter, assault with attempt to commit murder and, finally, simple assault and battery, and it follows that his rights may be materially affected by his trial for a constituent misdemeanor, of the nature of which he had no notice, and which he had a legal right to settle if he had had notice.

Argued May 4, 1896. Appeal, No. 66, Nov. T., 1896, by defendant, from judgment of O. & T. Schuylkill Co., Jan. Sess., 1896, No. 225, on verdict of guilty of assault and battery, upon indictment for murder. Before RICE, P. J., WILLARD, WICKHAM and REEDER, JJ. Reversed.

Indictment for murder. Before ALBRIGHT, P. J., specially presiding.

The defendant, Adams, was indicted for murder, and the trial resulted in a conviction for assault and battery.

Additional facts sufficiently appear from the opinion of the Superior Court.

*Errors assigned* were (1) error in directing the trial to proceed under sec. 50 of the Criminal Code ; (2) error in charging the jury as follows : " That, under this evidence, the defendants,

or either one of them, can be convicted of assault and wounding, because an indictment charging that one man did kill and murder another, includes the charge that he committed an assault upon him. So, under this evidence, you can say, if you so find, that Frank Adams did commit an assault upon the deceased as charged in the indictment and did wound him—if you so find that the evidence justifies it; " (3) error in overruling motion in arrest of judgment.

*H. E. Buffington* and *W. J. Whitehouse,* for appellant :—There cannot, on an indictment for murder, be a conviction for simple assault and battery : Wharton Crim. Law, sec. 383 ; Com. v. Gable, 7 S. & R. 433 : Com. v. Harper, 14 W. N. C. 10 ; Whart. Crim. Law, secs. 565–400 ; R. v. Bird, 15 Jur. N. S. 3 ; 2 Eng. R. 448 ; Hackett v. Com., 15 Pa. 95 ; U. S. v. Sharp, 1 Peters C. C. R. 131, Whart. Crim. Law, sec. 383.

Such a trial for assault and battery in an indictment for murder is unfair and unjust to the defendant, since it deprives him of the opportunity, right and privilege to settle the misdemeanor : Act of March 31, 1860.

*Edgar W. Bechtel,* district attorney, for appellee, relied on Hunter v. Commonwealth, 79 Pa. 503 ; Henwood v. Com., 52 Pa. 424 ; Com. v. Lewis, 140 Pa. 561 ; Com. v. Parker, 146 Pa. 343.

OPINION BY REEDER, J., July 16, 1896 :

The defendants were indicted for murder. The indictment consisted of but a single count, that of murder in the first degree. The case was called for trial in the court of oyer and terminer, and, before the testimony of the commonwealth closed, the fact was developed by the testimony of the physicians called by the commonwealth that the deceased had died from pneumonia, and not from an external injury. At the suggestion of the learned judge, the charge of homicide against the defendants was abandoned, but the trial was directed to proceed upon the charge of assault and battery. The jury found Frank Adams guilty and Charles Bendigo and Isaac Bendigo not guilty.

There is but one question presented for our consideration under the assignments of error, namely, on an indictment for

murder, a crime triable exclusively in the court of oyer and terminer, can there be a conviction of an assault and battery?

The general rule is well settled that, upon an indictment charging a particular crime, the defendant may be convicted of a lesser crime included within it. But this rule originally was restricted to crimes of the same grade or degree, for it was long held in England that upon an indictment for a felony there could be no conviction of a misdemeanor: Rex v. Cross, Ld. Raym. 711; 2 Hawk. chap. 47, sec. 6; 1 Chit. C. L. 251, 639.

This general rule, however, has, in later years, been much modified by legislation and judicial determination. In England, by the stat. 1 Vict. chap. 85, upon an indictment charging a felony, a conviction may be had for a constituent misdemeanor. In this state it was enacted that "If upon the trial of any indictment for felony, except murder or manslaughter, the indictment shall allege that the defendant did cut, stab or wound any person, and the jury shall be satisfied that the defendant is guilty of the cutting, stabbing or wounding charged in such indictment, but are not satisfied of his guilt of the felony charged, then and in every such case the jury may acquit of such felony and find him guilty of a misdemeanor in unlawfully cutting, stabbing or wounding:" Act of March 31, 1860, sec. 99, P. L. 407.

It is provided by the act of 19th of May, 1887, Purdon 535, pl. 367, P. L. 128, that upon a trial for rape, it appearing that the child was not of good repute, and the carnal knowledge was with her consent, the defendant can be acquitted of the rape, and convicted of the fornication alone. In an indictment for manslaughter, the district attorney may charge both voluntary and involuntary manslaughter in the same indictment, and the jury may acquit the defendant of one and find him or her guilty of the other charge: Act of March 31, 1860, Purdon, 512, pl. 236, P. L. 439, sec. 20. One indicted for murder only cannot be convicted of involuntary manslaughter: Commonwealth v. Gable, 7 S. & R. 433; Commonwealth v. Bilderback, 2 Pars. 447; Walters v. Commonwealth, 44 Pa. 135.

The old common law rule that there can be no joinder of a misdemeanor with a felony in the same indictment, has been much modified also by judicial decisions. In 1772, one Henry Carr was convicted of assault with intent to ravish upon an

indictment peculiar in form charging both rape and an assault with intent.   In Harman v. Commonwealth, 12 S. & R. 69, an indictment for rape with a count for assault with intent was held to be a proper joinder.   In Stevick v. The Commonwealth, 78 Pa. 460, it was held that in an indictment for rape, joinder of counts for assault and battery with intent to commit rape and fornication was proper.

It will be noticed that in all these cases the question for the consideration of the court was, whether there was a proper joinder of counts for misdemeanor and felony in the same indictment.   It might perhaps be argued with considerable force that the question presented by a case such as this, where, upon an indictment charging a felony, the defendant was convicted of the constituent misdemeanor without his being charged therewith in a separate count, differs very materially from the question presented for the consideration of the court and determined by them in the above cases.   We, for the purposes of this case, however, do not propose to discuss that question.   The widest departure from the common law rule in the decisions of Pennsylvania was that rendered by Justice PAXSON in the case of Hunter v. Commonwealth, 79 Pa. 503.   That was an indictment for a felonious assault.   Upon the trial of the indictment containing the one count charging a felony, the jury acquitted the defendant of the felony, but found the defendant guilty of an assault.   The single question for the consideration of the court was whether the jury could acquit of the felony and convict of the constituent misdemeanor.

In rendering the opinion, Justice PAXSON says : " We are in no doubt as to the rule of common law. . . . The reason of the .rule was that persons indicted for misdemeanor were entitled to certain advantages at the trial, such as the right to make a full defense by counsel to have a copy of the indictment and a special jury, privileges not accorded to those indicted for felony.   It is apprehended these reasons no longer exist in England, at least not to the extent formerly, for or by the statute, 1 Vict. chap. 85. sec. 11, Lord DENMAN's act, the rule itself has been abolished, and now, upon a bill charging a felony, a conviction can be had for a constituent misdemeanor.   It is clear the reason of the rule has no application in this state.   On the contrary, the advantages, if any, upon the trial are all in

favor of those charged with a felony. . . . The general rule is well settled that upon an indictment charging a particular crime the defendant may be convicted of a lesser offense included within it. Thus, upon an indictment for murder, a prisoner may be convicted of manslaughter. A person charged with burglary may be convicted of larceny if the proof fail of breaking and entering. A person charged with seduction may be convicted of fornication. Dinkey v. Commonwealth, 5 Harris, 127. When persons are indicted for riotous assault and battery, they may be convicted of assault and battery only: 5 Barr, 83. When the charge is assault and battery, a conviction may be had for assault. Instances of this kind might be multiplied indefinitely if necessary. The common law rule, that a felony and misdemeanor cannot be joined in the same indictment had its foundation in substantially the same reasons as the rule under discussion, yet we have seen that it was departed from in Harman v. Commonwealth, 12 S. & R. 69. Since then it has been constantly undermined. In Henwood v. Com., 2 P. F. Smith, 424, it was said by AGNEW, J., that 'the English rule against the joinder of a felony and misdemeanor in the same indictment has been greatly modified by modern decisions. It would be going too far to say now that it exists in any case, except it is where the offenses are repugnant in their nature and legal incidents, and the trial and judgment so incongruous as to tend to deprive the defendant of some legal advantage,' citing Reg. v. Ferguson, 29 Eng. L. & E. 536; Harman v. Commonwealth, supra; State v. Hooker, 17 Vermont, 658; State v. Boyle, 1 McMullen, 101. I regard it, therefore, as the well settled rule in this state that a felony triable in the quarter session may be joined in the same indictment with a misdemeanor growing out and a part of the same transaction. Whether a misdemeanor may be joined in the same indictment with a felony which is triable exclusively in the oyer and terminer is a question about which I express no opinion, as the principle is not involved in this case."

The application of the provision of the act of March 31, 1860, P. L. 407, is not discussed by Justice PAXSON in the above opinion. He rests his decision upon general legal principles. The consideration which should operate in controlling the court, as to whether there was a proper joinder of counts of misde-

meanor and felony in the same indictment, where the facts constituting the offense are the same, and the one offense is included in the other, or the conviction of a defendant for its constituent misdemeanor in an indictment for felony, seems to be governed and controlled by the rule that, if the trial and judgment tend to deprive the defendant of some legal advantage, the joinder is improper and should not be permitted by the court.

In Harman v. Commonwealth, 12 S. & R. 70, it was said "That where two offenses are charged, if the defendant can make it appear this mode of proceeding will subject him to unreasonable difficulty or embarrassment on his trial, the court have it in their power to protect him, by quashing the indictment or compelling the prosecutor to elect on which count he will proceed, and discharge the defendant from the other."

This was cited with approval by the Supreme Court in Henwood and Arney v. Commonwealth, 52 Pa. 424; Commonwealth v. Birdsall, 69 Pa. 482; Stevick v. Commonwealth, 78 Pa. 460; Hunter v. Commonwealth, 79 Pa. 503.

It will be seen from the authorities cited that no one of the exceptions to the old rule of common law has ever gone so far as to say that, in an indictment containing but a single count —that for murder in the first degree—there can be a conviction of an assault and battery as a constituent misdemeanor. If we apply to this case the rule laid down in the cases last above cited by us in this opinion, and can find that there was any injury to the rights of the defendant by reason of his trial for a constituent misdemeanor after the evidence had shown that there could be no conviction of the felony, then this judgment should be set aside. Upon deliberation, we think that the trial for assault and battery in an indictment for murder is unfair and unjust to the defendant. It deprives him of the opportunity and right to settle the misdemeanor, as conferred by sec. 9, act of March 31, 1860. It compelled the defendant to defend without notice against murder, manslaughter, assault with attempt to commit murder, and, finally, simple assault and battery; and we think, therefore, his rights were materially affected by his trial for a constituent misdemeanor, of the nature of which he had no notice, and which he had the legal right to settle if he had had notice.

In addition to this, we think that the right, upon an indictment for murder, to convict the defendant of assault and battery as a constituent misdemeanor, and included in the felony, is by implication forbidden by statute. The act of March 31, 1860, P. L. 407, provides, that "If upon the trial of any indictment for felony, *except* murder or manslaughter, the indictment shall allege that the defendant did cut, stab or wound any person, and the jury shall be satisfied that the defendant is guilty of the cutting, stabbing or wounding charged in such indictment, but are not satisfied of the guilt of the felony charged, then and in every such case the jury may acquit of such felony and find him guilty of a misdemeanor in unlawfully cutting, stabbing or wounding." This statute specially provides that in an indictment for felonious assault and battery, there may be a conviction of a species of assault and battery, except in cases of murder and manslaughter.

Applying the legal maxim expressio unius exclusio alterius to the construction of this statute, it is equivalent to the direction by the legislature that, upon the trial of any indictment for murder and manslaughter, there can be no conviction for assault and battery.

The verdict in this case it will be noticed is that "Frank Adams did assault Benjamin Zeiders as charged in the indictment and then and there did unlawfully wound him and therefore . . . . is guilty of assault and battery in manner aforesaid." It is provided by the act of 31st of March, 1860, sec. 98, Purdon, 477, pl. 31, P. L. 407, that if any person shall unlawfully cut, stab or wound any other person every such person shall be guilty of a misdemeanor. This is aggravated assault and battery and is the misdemeanor the conviction of which is permitted by the act of March 31, 1860, Purdon 559, pl. 62, under an indictment for a felony but which is forbidden by the very terms of that act in indictments for murder and manslaughter. While the commonwealth is pleased to call this a verdict for assault and battery, in point of fact the verdict is guilty of an aggravated assault and battery, a misdemeanor, the conviction for which is forbidden by the terms of the act referred to. Even if this were not the verdict, it would be curious if in an indictment for murder there could be no conviction of aggravated assault and battery and yet there could be a conviction of

simple assault and battery. It would seem that when the legislature provided that there should be no conviction of aggravated assault and battery in indictments for murder, it was the legislature's intention to also forbid conviction of assault and battery of lesser degree. So that, whether we apply to the determination of this question the test as indicated in the authorities already cited in regard to the injury to the defendant's rights upon the trial, or the construction of the statute last above cited, in either event we would have to decide that, upon an indictment for murder, there can be no conviction of aggravated assault and battery, or simple assault and battery.

The judgment of the court below is, therefore, reversed, and it is ordered that the defendant be discharged from imprisonment, unless there is other cause for his detention.