## Commonwealth v. Anagustov et al.

*Criminal law—Charge of felony—Conviction of misdemeanor.*

Upon an indictment containing one count charging highway robbery, a verdict was rendered acquitting the defendants of robbery, but convicting them of aggravated assault and battery: *Held*, denying a motion in arrest of judgment, that the misdemeanor was a constituent part of the felony charged, and that the defendants were properly convicted.

Motion in arrest of judgment. O. and T. Northampton Co., June Sess., 1922, No. 91.

*T. McK. Chidsey*, District Attorney, *Asher Seip* and *William H. Schneller*, for Commonwealth.

*James W. Fox*, for defendants.

STOTZ, J., Feb. 5, 1923.—This is a motion in arrest of judgment. The indictment contains but one count and charges that the defendants "with force and arms then and there on and upon one John Apostolakis, then and there being, feloniously did make an assault and him, the said John Apostolakis, in bodily fear and danger of his life then and there feloniously did put, and money of the value of Thirty-four ($34.00) Dollars, and of the property of him, the said John Apostolakis, did then and there feloniously and violently rob, seize, steal, take and carry away." The jury returned a verdict of not guilty of robbery, but guilty of aggravated assault and battery.

Counsel for defendants base their motion on the proposition that aggravated assault and battery is not a constituent or included offence with robbery, and that, therefore, the verdict is illegal. Is such the case?

The jury evidently did not feel satisfied that the defendants "feloniously" assaulted the prosecutor for the purpose of robbing him, or that they took his money, but they were satisfied, as their verdict shows —a verdict justified by the evidence—that the defendants unlawfully and maliciously inflicted upon him grievous bodily harm.

Robbery connotes personal violence. There can be no robbery without violence or by putting in fear. "The violence which constitutes an essential

3 D. & C.

element of the crime of robbery must be actual personal violence:" 34 Cyc., 1799. The offence consists of a personal assault or attack, aggravated by theft of the victim's money or property. The former is the means to attain the latter, and the two must go together to complete the crime. It follows, therefore, that personal violence—assault, battery, bodily harm, wounding, or whatever term may best apply in a given case—is a constituent element of robbery; and a defendant brought into court to defend against an indictment charging him with robbery knows that he must be prepared to meet the charge of personal violence as well as the alleged theft; and this the defendants in fact did. They denied not only the theft, but also the attack. The alleged attack at the time and place laid in the indictment, the grievous wounding of the prosecutor in that attack, and the violent theft of his money, was all a part of the same transaction.

In the early cases, following the English decisions, it was held that there could be no conviction, upon an indictment charging a felony, of a constituent misdemeanor, but this rule no longer obtains.

The reasons for the rule, because of changes in the law of criminal practice and procedure favorable to the defendants, no longer apply. By the Stat. of 1 Vict., ch. 85, § 11, it was expressly abolished in England, and in our own later cases it is no longer followed. In Hunter v. Com., 79 Pa. 503, the defendant was indicted in a single count, that he feloniously did make an assault on F. and shoot at said F. with intent to murder him, and it was held that he might be convicted of an assault only; the assault was the offence charged, the intent the mere aggravation. The opinion filed by Mr. Justice Paxson in Hunter v. Com., 79 Pa. 503, contains a very full and thorough exposition of the conclusions there adopted, in the course of which he says, at page 507:

"If the indictment here had contained a count charging assault merely, it is clear from the above authorities that there would have been no misjoinder. It is equally clear that a conviction for the assault and an acquittal for the felony would have been good. So would a conviction upon the bill generally. If, then, there could have been a conviction upon the count for assault, why not without the count? We have seen that the rule against a non-joinder of the two offences no longer exists. What is there left to support the position that upon the charge of felony a conviction cannot be had for its constituent misdemeanor? In this case the defendant was indicted for an assault with intent to kill. He was convicted of an assault. This was the very offence with which he was charged. The intent to kill is a mere qualification or aggravation of the crime. The fact to be proved by the Commonwealth was the assault. It was for the jury to say whether, under the circumstances attending the assault, the nature of the attack and the means employed, it was accompanied with an intent to take life. Upon the question of the intent, the jury have found in favor of the defendant, but convicted of assault. How has he been injured by this? The greater crime necessarily involved the less. It was divisible. The lesser could exist without the greater, and the jury have so found. There was no surprise upon the defendant. The fact of the assault was the very issue before the jury, and he enjoyed every legal right incident to the trial that he would have been entitled to if he had been indicted for the misdemeanor. Nor is he left in any peril hereafter. The plea of *autre fois convict* would be a sufficient answer to a subsequent indictment for . the misdemeanor."

And so in the case at bar, if the indictment contained a separate count charging unlawful and malicious infliction of a grievous bodily harm upon the prosecutor, which the evidence upon which the jury convicted clearly sup-

ported, there would have been no misjoinder; and, therefore, if that phase or constituent of the offence was necessarily included in the charge by reason of its very nature, the same reasoning which was adopted by Mr. Justice Paxson in the Hunter case would be equally applicable here.

"At common law there could be no conviction of a misdemeanor upon an indictment for felony, although the elements of the misdemeanor were included in the felony charged, the reason for the rule being that, upon a trial for misdemeanor, defendant had certain advantages, such as the right to appear by counsel, to have a copy of the indictment and to a special jury, which were denied him upon a trial for felony. But in the United States, since the accused has the same rights upon the trial of offences of either character, the common law rule has not been generally recognized, there being no reason for its application, it having been abolished by statute in many of the states, and, indeed, also in England. By some of the earlier statutes, however, the doctrine of merger was recognized even in the United States:" 22 Cyc., 467; Watson *v.* State, 116 Ga. 607, 43 S. E. Repr. 32.

In Henwood *v.* Com., 52 Pa. 424, in which the indictment charged, by separate counts, larceny, larceny by bailee, and conspiracy to defraud, a verdict of guilty of larceny and conspiracy was sustained, Mr. Justice Agnew saying: "The English rule against the joinder of a felony and a misdemeanor in the same indictment has been greatly modified by modern decisions. It would be going too far to say now that it exists in any case, except it is where the offences are repugnant in their nature and legal incidents, and the trial and judgment so incongruous as to tend to deprive the defendant of some legal advantage: Rex *v.* Ferguson, 29 Eng. Law and Equity, 536; Burk *v.* The State, 2 Harris & Johnson, 426; Harman *v.* Com., 12 S. & R. 69; State *v.* Hooker, 17 Vermont, 658; State *v.* Boise et al., 1 McMullan Law, 189; Rex *v.* Galloway, 1 Moody C. C. 234; Whart. Am. C. L., par. 423."

Counsel for defendants have cited Com. *v.* Adams, 2 Pa. Superior Ct. 46, in support of the present motion, in which it was held that there can be no conviction of assault and battery upon an indictment charging murder. Judge Reeder, who delivered the opinion of the court, there says: "Upon deliberation, we think that the trial for assault and battery in an indictment for murder is unfair and unjust to the defendant," but he also points out that it is by implication forbidden by statute, quoting the Act of March 31, 1860, P. L. 407. The decision goes no farther than this, and does not rule the matter now before us either way.

It has long been held, both before and since the enactment of our present criminal code, that upon an indictment for felonious rape, a conviction of a lesser constituent offence will be sustained: Harman *v.* Com., 12 S. & R. 69; Com. *v.* Lewis, 140 Pa. 561; Com. *v.* Parker, 146 Pa. 343; Com. *v.* George, 12 Pa. Superior Ct. 1. In Com. *v.* Shutte, 130 Pa. 272, it was held that a count for larceny as bailee may properly be joined with another for robbery, the court saying, in a *per curiam* opinion: "The general rule is well settled that upon an indictment charging a particular crime, the defendant may be convicted of a lesser offence included within it." In Stevick *v.* Com., 78 Pa. 460, the syllabus reads: "Misdemeanor and felony may be joined in an indictment, except where the offences are repugnant in their nature and legal incidents, and the trial and judgment so incongruous as to tend to deprive the defendant of some legal advantage." In Com. *v.* Hall, 23 Pa. Superior Ct. 104, the rule is stated thus: "Where a statute makes two or more distinct acts connected with the same transaction indictable, each one of which may be considered as representing a phase in the same offence, the different acts may be coupled in

3 D. & C.

one count.  It is not regarded as duplicity thus to join successive statutory phases of the same offence."  In the concurring opinion of Judge Smith, which will be found on page 232 of that volume, we find the following:  "There has never been any serious question respecting the conditions under which two or more acts, each an offence, may be charged in a single count.  Briefly summarizing these, which are too well settled to require a citation of authorities, offences may be joined when they arise from the same act or transaction, as a larceny of the property of two or more, the battery of two or more by a single act of violence, the libeling of two or more by one publication, a burglary and an accompanying larceny; when one of the offences is a constituent part of the other, or is necessarily involved in the other, or both are different stages or phases of one complete offence, as an assault and a battery, an unlawful offer to sell and a sale; when one is in effect a continuation or a result of the other, as a forcible entry and a detainer, or is the obvious sequel of the other, as a conversion of public funds and a failure to pay when required."  In Com. v. Flaherty, 25 Pa. Superior Ct. 490, the single count in the indictment charged burglary, and a verdict was received and approved finding the defendant guilty of "breaking with attempt to commit the crime charged."  Wharton on Criminal Pleading and Practice (9th ed.), § 243, says:  "A count in an indictment which charges two distinct offences, each distinctly punishable, is bad, and may be quashed on motion of the defendant, or judgment may be entered for the defence on special demurrer.  To constitute duplicity, however, the second or superfluous offence must be sufficiently averred, as otherwise its description can be rejected as surplusage; nor does the objection of duplicity prevail, as will present be seen, when one of the offences joined is a component part or preliminary stage of the other."  See, also, sections 246 and 247 following.  Other cases which, while not directly in point, throw light on the subject before us are Com. v. Arner, 149 Pa. 35; Staeger v. Com., 103 Pa. 469, and Com. v. Mentzer, 162 Pa. 646.  In Com. v. Werbine, 1 Ches. Co. Reps. 188, a new trial was granted where there was a conviction of assault and battery upon an indictment charging robbery; but this was done so that the defendants might not be deprived of the benefit of the Act of 1872, giving them the privilege of testifying.  Since 1887, however, this reason no longer operates.  Counsel for defendants have also cited Com. v. Stiver, 1 Pa. C. C. Reps. 526, which holds that there may be a conviction of assault under a one-count indictment for robbery, but not of assault and battery.  But for the reasons hereinbefore stated, and upon the authorities above cited, as we understand their purport, we cannot follow the reasoning in Com. v. Stiver or adopt the conclusions there stated.  The verdict in this case represents substantial justice under the evidence, and, having in mind what was said in Hunter v. Com., 79 Pa. 503, cited with approval in Com. v. Shutte, 130 Pa. 272, that "the tendency of modern legislation and judicial decisions is to disregard mere technicalities and to regard the substance rather than the form," and Mr. Justice Simpson's observations in Com. v. Greevy, 271 Pa. 95, 103, that "in these later days . . . the public is wisely demanding decisions on the merits and not on technicalities," we are of the opinion that the verdict should not be disturbed.

The motion in arrest of judgment is, therefore, denied.

From Henry D. Maxwell, Easton, Pa.