## Commonwealth of Pennsylvania *v.* John Mills and John Adams, Appellants.

*Criminal law—Larceny from the person—Indictment.*

Larceny from the person consists in the felonious taking of property from the person of another without violence or putting him in fear.

A count in an indictment which charges the felonious taking of property from the person but which does not allege violence or putting in fear, cannot be sustained as a count charging robbery by reason of the use of the words with "force and arms."

*Practice, Q. S.—Formulation of verdict.*

A writing prepared in the jury room and presented to the court forms no part of the record; the finding delivered in open court decides the issue and what is recorded by the court is the only proper verdict.

Argued Nov. 9, 1896. Appeal, No. 13, March Term, 1897, by defendants, from judgment and sentence of Q. S. Lebanon County, June Sess., 1896, No. 36, on verdict of guilty. Before RICE, P J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Indictment charging larceny; receiving stolen goods; larceny from the person.    Before EHRGOOD, P. J.

The following facts appear from the opinion of the Superior Court :

" These defendants were tried upon an indictment containing three counts ; the first charging simple larceny, the second the offense of receiving stolen goods ; and the third is in the following. language : 'And the grand inquest aforesaid upon their oaths and affirmations aforesaid, respectfully represent, that the said John Mills and John Adams, to wit, on the day and year aforesaid, in the county aforesaid, and within the jurisdiction of this court, with force and arms, etc., the goods, chattels, property aforesaid, of the said S. S. Gibble, did feloniously steal, take and carry away from the person of the said S. S. Gibble, contrary to the act of assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania.'

" The verdict of the jury as officially recorded is, ' that they find the defendants guilty of larceny in the third count of the indictment, and not guilty as to the other counts.' Upon this verdict the court below sentenced each of the defendants to pay a fine of one hundred dollars and the costs of prosecution, and to undergo imprisonment by separate and solitary confinment at labor, in the penitentiary for the term of five years."

*Errors assigned* were, (1) the offense of robbery being triable exclusively in the court of oyer and terminer, and the defendants having been tried, convicted and sentenced for said offense in the court of quarter sessions, said judgment and sentence should be reversed for want of jurisdiction : (2) The verdict as returned by the jury is so unintelligible and uncertain that judgment upon the same cannot be sustained : (3) The verdict as amended by the court is so vague and uncertain that the judgment and sentence thereon should be reversed : (4) The defendants, at most having been convicted of larceny only, could not properly be sentenced to an imprisoment for five years.    Said sentence being excessive, the same should be reversed.

*J. Marshall Funck*, with him *C. M. Zerbe*, for appellants.—The

court is without power so to mold a verdict in accordance with what he may regard as logical necessity as in effect to make a new verdict: Clouser v. Patterson, 122 Pa. 373.

Assuming that the verdict of the jury had reference to the three counts of the indictment, our position is that the crime charged against the defendant is that of robbery. The court of oyer and terminer has exclusively jurisdiction in such a case.

*J. E. Reinoahl,* with him *J. M. Shindel,* district attorney, for appellee.—The fundamental issue raised by the above assignments of error is simply this: Does the act of March 31, 1860, sec. 102, create the statutory offense of "Larceny from the person," as charged in the third count of the indictment in this case?

The sentence of the court is justified by a verdict of guilty under the third count of the indictment. The maximum penalty for "Larceny from the person" under the act March 31, 1860, sec. 102, is five years. The circumstances surrounding the case, including the attempt of the defendants to escape from custody, appear to have warranted severe punishment. The power of a judge to put a verdict into form so as to make it express the real finding of the jury is well settled. It has been exercised in many cases, among which are Keen v. Hopkins, 48 Pa. 445; Beates v. Retallick, 23 Pa. 288; Roddy v. Harah, 62 Pa. 129; Watkins v. B. & L. Association of Hyde Park, 97 Pa. 514; Clouser v. Patterson, 122 Pa. 376.

OPINION BY SMITH, J., December 7, 1896 (after stating the facts as above):

The sentence was imposed under section 102 of the act of March 31, 1860, which provides that: "If any person shall rob another, or shall steal any property from the person of another, or shall assault any person with intent to rob him, or shall, by menace or by force, demand any property of another, with intent to steal the same, such person shall be guilty of felony, and, being convicted thereof, shall be sentenced to pay a fine not exceeding one thousand dollars, and to undergo an imprisonment, by separate or solitary confinement, not exceeding five years."

The leading objections to the proceedings are: (1) That the

indictment charges the crime of robbery, and, therefore, the court of quarter sessions had no jurisdiction to try the defendants upon it; and (2) that the verdict is a finding of simple larceny, and therefore the sentence is erroneous because it exceeds the maximum penalty for that offense.

The indictment, though not framed with the technical accuracy required under the common law, sets out, in substance, a larceny from the person. It contains all the necessary averments of simple larceny, to which is added that the property was stolen " from the person of the said S. S. Gibble, contrary to the act of assembly in such case made and provided." The only statute relating to larceny from the person is the section already quoted; it provides for the punishment of robbery and of other offenses, all of which are akin to robbery, and contain some, though not all of its essential common law elements. But these offenses are plainly distinguished from one another in terms and subject-matter, and it is designed by the statute to meet and punish criminality under the differing conditions of each.

Robbery is defined to be " the felonious and forcible taking, from the person of another, of goods or money to any value, by violence or putting him in fear: " 4 Bl. Com. 242. It will be seen from this definition that the crime of robbery, at common law, is larceny from the person accompanied by violence or putting in fear; and an indictment for robbery must allege the forcible taking from the person, by violence or by putting in fear, in addition to the averments necessary in a count for larceny. The felonious taking of property from the person of another without violence or putting him in fear is larceny under the statute, not robbery; when not taken from the person it is larceny at common law; and if the other elements of robbery are not proven the defendant may be convicted of this constituent offense upon an indictment charging both based on the same act: Com. v. Shutte, 130 Pa. 272. See also Com. v. Boyer, 1 Binn. 201; Com. v. Snelling, 4 Binn. 379.

This indictment does not charge a robbery in terms or by description. It is not alleged that the property was taken " forcibly and against the will " of the prosecutor or " by violence " or " by putting him in fear,"—averments common and necessary in indictments for robbery; nor is the word " rob " or any equiv-

alents of these terms used. It is argued, however, by the appellants' counsel, that the words " with force and arms " supply and take the place of the terms " by violence or putting in fear," and that, therefore, the element of force essential to constitute robbery is sufficiently averred in the count.

To the professional mind this would be a new and extended application of the words " with force and arms." It is at variance with precedent and legal history. Before the statute 37 Henry VIII. ch. 8, the words " with force and arms " and also other words declaring the manner of the force and arms ; that is to say : " with force and arms (to wit) with clubs, knives, bows and arrows," were employed and regarded as indispensable in indictments and informations in all cases involving force or trespass ; and their absence was deemed a fatal defect. By that statute, however, the necessity for those terms was dispensed with in England ; and they were never held to be necessary here : Roberts' Digest, 334 ; Com. v. Martin, 2 Pa. 244. Their continued use in indictments for over three hundred and fifty years after it was declared by statute that they were unnecessary illustrates the lasting influence of precedent with careful pleaders. But these words have not been regarded as descriptive of any of the essentials of crimes, and it is said by Mr. Bishop in his work on Directions and Forms, that there is no American case in which the use of these words in an indictment is held necessary. That they have not been regarded as describing the force necessary to be averred in indictments for robbery is shown by the fact that they are to be found in those indictments where the element of force is also specifically set out with the other essentials of the crime : Com. v. Boyer, 1 Binney, 201 ; Acker v. Com., 94 Pa. 284. There is no necessity or warrant for the revival of that phrase, or for clothing it with greater legal effect than it possessed before the enactment declaring it useless.

The distinction between robbery and larceny from the person is an important one, and should not be lost sight of because they are included with other allied offenses in the 102d section of the penal code. Robbery is of a more serious and aggravated character, involving the person as well as the property ; and is triable exclusively in the court of oyer and terminer. If in its perpetration murder is committed, it fixes the grade of that

crime in the first degree; and one indicted for robbery is still liable to outlawry and attainder, if he becomes a fugitive from justice; with the consequent punishment and forfeiture of his estate. It is important, therefore, that the distinction between these crimes be maintained in judicial proceedings. While the rigor of the common law in criminal pleadings is greatly modified by statute, yet on a charge so grave as that of robbery the essentials of the crime, in substance at least, should be set forth in the indictment. This has not been done in the present instance.

The argument that the verdict is for simple larceny requires but brief notice. Larceny from the person is now a well understood statutory offense, and it is to be found on the statute books of many sister states. It consists in the felonious taking of property from the person of another, without violence or putting him in fear. It is a less aggravated form of larceny than robbery, and the statute against it aims at the protection of the person (as well as the property) from interference, though without force. As has been said the third count of the indictment charges this offense, and we are clearly of the opinion that the 102d section of the criminal code sufficiently designates it as a distinct crime, and prescribes the penalty to be imposed for its commission.

The verdict as recorded is: " We find the defendants guilty of larceny in the third count of the indictment, and not guilty as to the other counts." It is contended that this is not the verdict actually rendered by the jury. The jury wrote out and handed to the court the following as their verdict: " We find John Mills and John Adams guilty of larceny in the 3d indictment." Whereupon it was molded and recorded by the court, as above given. It is evident that the jury meant " count" instead of " indictment," and it was the duty of the court to so mold the verdict as to correctly express their finding. If the jury had desired to find the defendants guilty of simple larceny, they could have done so under the first count. Designating the third count as they did, plainly indicated their intention to convict the defendants of larceny from the person. The writing prepared in the jury room and presented to the court forms no part of the record; the finding delivered by the jury in open court decides the issue, and what is recorded by the court is

the only proper verdict: Dornick v. Reichenbach, 10 S. & R. 84; Com. v. Breyessee, 160 Pa. 451.

Nothing has been shown calling for a modification of the sentences, and, finding no error in the proceedings the assignments are overruled and the judgments affirmed.