## Commonwealth *v.* Flaherty, Appellant.

*Criminal law—Attempts—Misdemeanor—Felony.*

A person may be convicted of breaking with attempt to commit larceny, where it appears that he broke a transom window of a store in the night-time with attempt to feloniously enter the store, but before he succeeded in making the entry was discovered and fled.

To constitute an attempt there must be an intent to do a thing combined with an overt act which falls short of the thing intended.

A misdemeanor at common law may be described to be such exclusive trespass against good morals, or public peace, as tends to injure the public, either directly or consequentially, but which does not amount to any higher degree of characterized crime.

If a specific punishment is not prescribed for a misdeameanor, it is uniformly and universally understood to be that annexed to common-law misdemeanor, viz: fine and imprisonment.

*Criminal law—Verdict—Practice, Q. S.*

Where a verdict irregularly formed is moulded into proper form by the trial judge and duly recorded by the clerk before the jury are finally discharged, the form prepared in the jury room or handed in the first instance to the clerk, has no significance whatever, and is no part of the record.

Argued March 8, 1904. Appeal, No. 2, Jan. T., 1905, by defendant, from judgment of Q. S. Luzerne Co., Nov. T., 1903, No. 80, on verdict of guilty in case of Commonwealth v. Patrick Flaherty. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Indictment for breaking and entering a store with intent to commit larceny. Before LYNCH, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed.

*Error assigned* was in overruling motion in arrest of judgment.

*James H. Shea* and *J. Q. Creveling*, for appellant.—The crime for which Flaherty was indicted being merely statutory, and unknown to the common law, an attempt to commit the crime is not punishable under the common law.

No punishment for such attempt having been prescribed by statute, and the crime being unknown to the common law, the court is powerless to create a punishment: Warner v. Com., 1 Pa. 154 ; Chapman v. Com., 5 Wh. 427 ; Com. v. Hollister, 60 Pa. 103 ; Com. v. Wright, 11 Pa. Dist. Rep. 144 ; Com. v. Ford, 5 Pa. 67 ; Rogers v. Com., 5 S. & R. 463 ; Hartmann v. Com., 5 Pa. 60 ; Com. v. Grimes, 15 S. & R. 74 ; Com. v. Gouger, 21 Pa. Superior Ct. 217.

A verdict once received and recorded and the jury dismissed, but for an instant, they cannot be recalled: Reitenbaugh v. Ludwick, 31 Pa. 131 ; Walters v. Junkins, 16 S. & R. 414.

*B. R. Jones*, district attorney, for appellee, cited : Com. v. McHale, 97 Pa. 397 ; Millar v. Taylor, 4 Burr, 2303 ; Com. v. Taylor, 5 Binney, 277 ; State v. Danforth, 3 Conn. 112 ; Rex v. Roderick, 7 Car. & P. 795 ; Rex v. Higgins, 2 East. Rep. 5 ; Com. v. Jones, 22 Pitts. L. J. 55.

OPINION BY ORLADY, J., July 28, 1904 :

The indictment in this case contains a single count, in which it is charged that the defendant did unlawfully, wilfully, maliciously and feloniously break and enter the store of one Charles O'Connell, with intent to commit a felony, to wit: larceny.

On the trial it was found that the testimony did not warrant a verdict of guilty in manner and form as he was indicted, and, under instructions from the court, a verdict was recorded of guilty of breaking with attempt to commit the crime charged.

The indictment was framed under the 2d section of the Act of April 22, 1863, P. L. 531, which provides that if any person shall in daytime break and enter any dwelling, house, shop, warehouse, store, mill, barn, stable, out house, or other building,

or wilfully and maliciously, either by day or by night, with or without breaking, enter the same with intent to commit any felony whatever therein, the person so offending shall be guilty of a felony, and on conviction shall be sentenced to pay a fine, not exceeding $500, and to undergo imprisonment by separate and solitary confinement at labor not exceeding four years.

By section 50 of the Penal Procedure Act of March 31, 1860, P. L. 427, it is provided that "if on the trial of any person charged with any felony or misdemeanor it shall appear to the jury upon the evidence that the defendant did not complete the offense charged, but was guilty only of an attempt to commit the same, such person shall not, by reason thereof, be entitled to be acquitted, but the jury shall be at liberty to return as their verdict, that the defendant is not guilty of the felony or misdemeanor charged, but is guilty of an attempt to commit the same, and thereupon such person shall be liable to be punished in the same manner as if he had been convicted upon an indictment for an attempt to commit the particular felony or misdemeanor, charged in the indictment, and no person so tried as herein lastly mentioned, shall be liable to be afterwards prosecuted for an attempt to commit the felony or misdemeanor, for which he was so tried."

There was sufficient evidence to justify the verdict and the appellant's first contention is that there is no punishment prescribed by statute or common law for such attempt. Section 178 of the Crimes Act of March 31, 1860, P. L. 382, provides, " That every felony, misdemeanor or offense whatever, not specially provided for by this act, may and shall be punished as heretofore." The codifiers of the crimes and procedure act call this a saving section, and thus preserve the common law offense of attempt to commit both felony and misdemeanor. The offense for which the defendant was convicted is not defined by statute, and is punishable as a misdemeanor at common law, namely an attempt to commit the crime of statutory burglary. In many cases it is quite difficult to determine the difference between preparations and attempt to commit crime. It seems to be well established that mere preparatory acts for the commission of the crime and not proximately leading to its consummation, do not constitute an attempt to commit the crime. As stated by Judge WICKHAM in Commonwealth v.

Tadrick, 1 Pa. Superior Ct. 555, " To constitute an attempt there must be an intent to do a thing combined with an overt act, which falls short of the thing intended." A common-law offense is clearly defined in Commonwealth v. McHale, 97 Pa. 397, and Commonwealth v. Randolph, 146 Pa. 83. " All such crimes as especially effect public safety are indictable at common law; the test is not whether precedents can be found in the books, but whether they injuriously affect the public peace and economy. Blackstone's definition is quoted as follows: " By public peace and economy is meant due regulation and domestic order of the kingdom, whereby the individuals of the state, like members of a well governed family, are bound to conform their general behavior to the rules of propriety of the neighborhood and good manners, and to be decent, industrious and inoffensive in their respective stations." This head of offenses must therefore be very miscellaneous, as it comprises all such crimes as especially affect public safety and are not comprehended under any of the foregoing series. These amount, some of them to felony, and others to misdemeanors only. The verdict in this case means that the defendant and his companion broke a transom window in the night-time, with intent to feloniously enter the store, but before they succeeded in making the entry they were discovered and fled. The forcible breaking of the building was an important step in the direction of the crime, and had the building been entered the statutory offense would have been completed.

Our revised criminal code and procedure act brushed away many of the tehnicalities and unseemly niceties with which the common law bristled; but sections 50 and 51 of the last named act provide for the conviction of an attempt to commit felony or misdemeanor where the proof fails of the completed offense: Hunter v. Commonwealth, 79 Pa. 503; Commonwealth v. George, 12 Pa. Superior Ct. 1. Misdemeanors are either by statute or at common law. Statutable misdemeanors cannot be comprehended under a precise and specific definition because the offenses themselves which the respective statutes have so denominated are various and diversified, but have one characteristic distinction of being " less than felony " in common. Misdemeanors at common law are not so easily susceptible of a strict determinate character. In its legal acceptation the term

generally means nothing more than trespass; in order to become the subject of indictment it may be described to be "such exclusive trespass against good morals or public peace as tends to injure the public, either directly or consequentially, but which does not amount to any higher degree of characterized crime."

When a specific punishment is not prescribed it is uniformly and universally understood to be that annexed to common-law misdemeanors, viz: fine and imprisonment: 7 Smith Laws, 713.

When the jury returned from their deliberations the verdict was irregular in form, but before they were finally discharged from consideration of the case, and before the verdict was recorded, it was moulded into proper form by the trial judge, and duly recorded by the clerk. The form prepared in the jury room, or handed in the first instance to the clerk, has no significance whatever and is no part of the record: Commonwealth v. Breyessee, 160 Pa. 451; Commonwealth v. Mills, 3 Pa. Superior Ct. 161; Commonwealth v. Morrison, 193 Pa. 613.

The assignments of error are overruled, and the judgment is affirmed.