## Commonwealth *v.* Harpster, Appellant.

*Criminal law—Pending indictment—Plea in abatement.*

The pendency of an indictment is not good ground for a plea in abatement to another indictment in the same court for the same cause. Whenever either of them is tried and judgment pronounced thereon, such judgment will afford a good plea in bar to the other, but nothing short of conviction or acquittal will support such a plea.

Argued March 14, 1916. · Appeal, No. 32, Oct. T., 1916, by defendant, from judgment of Q. S. Centre Co., Dec. T., 1914, No. 4, on verdict of guilty in case of Commonwealth v. Isaac Harpster. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for fornication and bastardy. Before QUIGLEY, P. J.

*Error assigned* was in refusing to quash the indictment found by the grand jury on May 17, 1915, while the former indictment found Dec. 7, 1914, was outstanding and undisposed of.

*Clement Dale,* for appellant.

*James C. Furst,* for appellee.

PER CURIAM, April 17, 1916:

It is well settled, on both reason and authority, that the pendency of an indictment is not good ground for a plea in abatement to another indictment, in the same court for the same cause. Whenever either of them—and it matters not which,—is tried and judgment pronounced thereon, such judgment will afford a good plea in bar to the other, either of autrefois convict, or autrefois acquit;

but nothing short of conviction or acquittal will support such a plea: Commonwealth v. Ramsey, 42 Pa. Superior Ct. 25.

The disputed facts were fairly and adequately presented to the jury, and the evidence warranted the verdict it returned. The rule for a new trial was properly discharged, and the judgment is affirmed; the record remitted to the court below that sentence of the court may be fully carried into effect.