# Commonwealth ex rel., Appellants, *v.* Keeper of the Philadelphia County Prison.

*Criminal procedure — Habeas corpus — Remarks of counsel ·· Withdrawal of juror—Judicial discretion.*

In the trial of an indictment for larceny, a court does not err in withdrawing a juror, where remarks are made in the hearing of the jury as to the criminal records of the defendants, which were not in evidence in the case. Under such circumstances, it is within the discretion of the court to withdraw the juror, because of the improper remarks of counsel, and the defense has no ground for complaint, particularly where a previous motion had been made by the defendant's counsel for such withdrawal.

The promotion of orderly and impartial trials and the protection of the lawful rights of the defendants must rest somewhat with the trial judge, and should not be made wholly dependent upon

the trial maneuver of counsel on either side. A writ of habeas corpus is, therefore, properly refused, where the court exercises its discretion in safeguarding the impartial administration of justice by withdrawing a juror.

Submitted November 16, 1920. Appeal, No. 153, Oct. T., 1920, by Commonwealth of Pennsylvania ex relator David Foster and Mary Foster from judgment of Q. S. of Philadelphia, January Sessions, 1920, No. 107, dismissing petition for writ of habeas corpus in case of Commonwealth of Pennsylvania ex relator David Foster and Mary Foster v. Keeper of Philadelphia County Prison. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Petition for writ of habeas corpus. Before McCULLEN, J.

The facts are stated in the following opinion of the court below dismissing the petition:

The relators having been indicted for larceny under bill No. 107, January Sessions, 1920, were arraigned and placed upon trial March 1, 1920. After the conclusion of the evidence and subsequent to the arguments of counsel and the charge of the court, the trial judge, of his own motion, for the reasons hereinafter referred to, ordered that a juror be withdrawn and the case be continued. Counsel for the defendants, though having himself moved for the withdrawal of a juror, objected to the court so acting of its own motion and this writ of habeas corpus has been taken, the relators contending that the action of the trial judge operates as an acquittal and in bar of their further prosecution under said bill of indictment.

We do not so view the law of the case. It is quite true that in capital cases, lest there be interference with any of the chances of life in favor of the prisoner, the discharge of the jury against his protest and prior to its agreement, is warranted only by a manifest and absolute necessity. (Com. v. Cook, 6 S. & R. 577.)

It is also true that whilst the plea of former jeopardy has not the same force in cases of crimes of minor grade as in cases of capital offense (McCreary v. Com., 29 Penna. 323), the law does not look with favor upon the discharging of a jury merely for a reason founded upon a failure or inability of the prosecution to produce proofs. (Com. v. Hetrick, 1 Woodward 288.)

The present case, however, does not fall within the rule as to capital cases, nor within the rule as to cases where the Commonwealth moves for the withdrawal of a juror because of surprise or of failure in connection with its proofs.

It is a case touching the exercise of judicial discretion by the trial judge in action to promote an impartial trial.

In the leading case of United States v. Perez, 9 Wheaton 579, Mr. Justice STORY, in delivering the opinion, said:

"The law has invested courts of justice with the authority to discharge a jury from giving any verdict whenever in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act or the ends of public justice would otherwise be defeated.

"They are to exercise a sound discretion on the subject, and it is impossible to define all the circumstances which would render it proper to interfere......The security which the public have for the faithful, sound and conscientious exercise of this discretion rests in this as in other cases upon the responsibility of the judges under their oaths of office."

This doctrine has been affirmed and reaffirmed again and again, until we find the ruling principle to be stated thus in 16 Ruling Case Law, p. 321, at section 126:

"American authorities generally announce the rule that the power to discharge the jury is within the sound discretion of the trial judge, and that his exercise of such discretion will not be reviewable by the appellate courts unless its clear abuse appears."

The power is to be used alike for the protection of the public and for the security of the prisoner in his right to an impartial trial.

In the present case the relators came to trial on the first day of the trial term before the first jury drawn from a new panel of jurors. It developed that the foreman selected was unintelligent or had become confused. In response to the inquiry of the crier he announced from the jury box that the jury had agreed when it had not agreed. He announced first a verdict of acquittal, which was immediately challenged by several of his fellow jurors; then he announced a verdict of guilty, and finally a disagreement, whereupon the court directed the jurors to retire.

Meanwhile in the presence and in the hearing of the jurors a contention arose between the district attorney and the counsel for the defendants, the district attorney saying: "I feel the jury have made a mistake. Both these defendants have records." Whereupon counsel for defendants, addressing the court, said: "Your Honor, I should think, in view of Mr. Fox's statement, a juror should be withdrawn," and again, "The jury has not agreed. That is evidently a majority of it. I now ask that a juror be withdrawn."

To this the trial judge responded as follows:

"The Court: Your rights will be preserved and protected. We evidently have a foreman who does not understand. (To the jury) Do you wish to retire?

"The Foreman: Yes.

"The Court: You mean the jury is not agreed?

"The Foreman: Yes.

"The Court: Let the jurors retire."

When the jury had withdrawn the trial judge called to the bar the district attorney and counsel for the defendants and learning in detail of what had been said in the presence and hearing of the jurors in a discussion as to the alleged criminal records of the defendants (matter not in evidence in the trial) the court concluded that

a fair and impartial trial could not be had nor a fair verdict be reached, and in the exercise of its judicial discretion the court directed that the jury be brought back and ordered as follows:

"The Court (addressing the jury) : I think the court will act of its own motion here. Gentlemen, through some error or mistake on the part of your foreman, a verdict was announced when you had not agreed upon a verdict. It was not received nor was it recorded, because of its irregularity. In view, however, of what has happened here and of remarks which have been made in your hearing, I deem that the interests of the defendants as well as the interests of the Commonwealth require that a juror should be withdrawn and this case continued, and it is so ordered by the court."

Finding that the trial judge was thus ready to do of his own motion that which a few minutes before defendants' counsel had requested should be done, the latter entered an objection and thus laid the basis for the present writ.

The action itself should hardly be viewed as any less meritorious because taken by the court of its own motion rather than upon the motion of defendants' counsel.

The promotion of orderly and impartial trials and in criminal prosecutions the precautions for securing the lawful rights of defendants with due protection to the public interests, must rest somewhat with the trial judge and should not be made wholly dependent upon trial maneuver of counsel on either side.

The writ is dismissed and the relators are remanded for trial.

*Error assigned* was the order of the court.

*Henry M. Stevenson,* for appellant.

*Charles Edwin Fox,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, for appellee.

98, (1921).]          Opinion of the Court.

PER CURIAM, March 5, 1921:

The only assignment of error relates to the dismissal of a writ of habeas corpus, and remanding the relators to the custody of the keeper of the prison.

Every phase of the case suggested in the appellant's argument is fully answered in the opinion filed by the court below.

The order is affirmed.