## Commonwealth v. Cooke.

*Practice, Q. S.—New trial—Discretion of court.*
1. The granting or refusal of new trial is a matter within the discretion of the court.

*Criminal law—Verdict—Improper verdict—Molding verdict into form—Improper inclusion of costs—Surplusage.*
2. Where a verdict is improper in form, the court may mold it into proper form.
3. Where a verdict improperly includes costs, the court may treat the matter relating to costs as surplusage, and direct the proper form in which the jury should return the verdict.

Motion for new trial. Q. S. Centre Co., Dec. Sess., 1925, No. 52.

*John G. Love*, District Attorney, and *Ivan Walker* (with them *N. B. Spangler*), for Commonwealth.

*S. D. Gettig* and *Arthur C. Dale* (with them *John J. Bower*), for defendant.

Keller, P. J., July 29, 1926.—On Feb. 22, 1926, Mrs. Emma Cooke, the defendant, was indicted by the grand jury of Centre County upon an indict-

ment containing two counts, the first charging assault and battery upon Charles S. Hughes, and the second charging aggravated assault and battery upon the same person. Upon her trial before a traverse jury, she was found guilty as indicted upon both counts, the verdict as tendered by the jury being in the following language: "And now, to wit, Monday, Feb. 22, 1926, we, the jurors empaneled in the above entitled case, find the defendant, Mrs. Emma Cooke, guilty as per indictments, and recommend the costs to be divided equally between Prosecutor Charles Hughes and Emma Cooke, defendant."

Upon receiving the jury's verdict, and before it was entered and recorded and the jury discharged, the court stated to them that their recommendation as to the costs was improper and illegal, the defendant having been found guilty, and that it would be treated as surplusage and not part of the verdict, to which statement the jury made no objection, and the verdict was accordingly reformed, and entered and recorded by the clerk as follows: "They find the defendant guilty as indicted."

Counsel for the defendant have filed thirteen reasons in support of their motion for a new trial, eleven of them taking the ground and alleging that the evidence produced on behalf of the Commonwealth had failed to make out a case of either assault or battery against the defendant, and, particularly, a case of aggravated assault and battery, and the other two relating to the court's action in directing the verdict of the jury to be entered and recorded without taking into account its recommendation as to the costs, and without sending the jury back to reform its verdict.

The granting or refusal of a new trial is a matter within the discretion of the trial court, and its action thereon will not be reversed in the absence of clear abuse of such discretion: Com. *v.* Jester, 256 Pa. 441.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

As to the ruling of the court complained of in the 7th exception, in declining to strike from the record the answer of the prosecutor's brother to a question asked him by defendant's counsel, during the trial, we felt at the time that it was responsive, explanatory and relevant to the issue, and, upon examination of the record, we think we were right, and adhere to our former ruling.

As to the court's action in molding the verdict tendered by the jury, the general rule is stated in 1 Bishop's Criminal Procedure, § 831, as follows: "In every case of a verdict rendered, the judge should look after its form and substance, so far as to prevent a doubtful or insufficient finding from passing into the records of the court, to create embarrassment afterwards and, perhaps, the necessity of a new trial."

When the verdict tendered is defective in form only, being sufficient in substance, it is proper for the court to direct the jury how it may be amended. When the finding is defective in substance, the correction must be made by the jury, and the court should be careful to avoid suggesting what the substance of the verdict shall be. When a jury tenders a verdict which is defective in substance, uncertain, repugnant, or not responsive to the issue, it is proper for the court to reject it, as not warranted by law; call the attention of the jury to the defect; instruct them as to the form of verdict in case they mean to acquit or convict the defendant; and send them back to their rooms, where they can, untrammeled by the presence or influence of others, find such verdict as they think proper: Com. *v.* Huston, 46 Pa. Superior Ct. 172, 220; Com. *v.* Miller, 77 Pa. Superior Ct. 469; Com. *v.* Nicely, 130 Pa. 261.

On the other hand, it has been held in a number of cases that, where the verdict of the jury was irregular in form, and before they were finally discharged from consideration of the case, and before the verdict was recorded,

it was entirely proper that it should be molded into proper form by the trial judge and duly recorded by the clerk. *The form prepared in the jury room or handed in the first instance to the clerk is no part of the record:* Com. v. Flaherty, 25 Pa. Superior Ct. 490; Com. v. Mills, 3 Pa. Superior Ct. 161; Com. v. Breyessee, 160 Pa. 451; Com. v. Bobanic, 62 Pa. Superior Ct. 40.

In the present case both the form and the substance of the first part of the verdict as tendered by the jury were proper and correct, but the latter part of the verdict as tendered, relating to the costs, which was merely a recommendation and not part of the verdict, was improper and could not have been followed by the court, even had he desired to do so. The jury had been clearly instructed in the court's charge, "If you find the defendant guilty, you have nothing to say about the costs." Under the circumstances, we feel that the court was entirely justified in stating to the jury that this recommendation would be treated as surplusage and not a part of the verdict, to which no objection was made by the jury, and in molding said verdict into proper form before it was entered and recorded by the clerk.

And now, to wit, July 29, 1926, the defendant's motion for a new trial is hereby overruled and dismissed, and she is hereby directed to appear in court on Monday, Aug. 2, 1926, for sentence; to which ruling and decree an exception is noted for the defendant and a bill is sealed.

From S. D. Gettig, Bellefonte, Pa.