## Commonwealth, Appellant, *v.* Hartley.

*Criminal procedure—Verdicts—Written verdict—Illegibility—Explanation by foreman—Intent of jury—Molding verdict.*

A verdict of guilty on the charge of assault and battery will be sustained, where the record shows that the sealed written verdict was intended by the jury to be a conviction and that the foreman of the jury so announced in open court.

In such case it was error for the trial judge to record the verdict as "not guilty" under a misapprehension caused by the illegible character of the written verdict.

Argued October 4, 1926. Appeal No. 12, March T., 1927, by Commonwealth from decree of Q. S. York County, January Sessions, 1926, No. 20, in the case

---

*Similar orders affecting the other appellants represented were made and filed at Nos. 13, 14 and 15, February Term 1927.

of Commonwealth of Pennsylvania v. John H. Hartley. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Reversed.

Indictment for assault and battery.  Before NILES, P. J.

The facts are stated in the opinion of the Superior Court.

The jury returned a verdict as quoted in the opinion of the Superior Court.  The court considered this to mean "not guilty" and a verdict was entered accordingly.  On rule to show cause why the verdict should not be moulded into proper form and recorded as a verdict of "guilty" the court discharged the rule and entered a verdict of "not guilty."  Commonwealth appealed.

*Error assigned* was the decree of the court.

*John A. Hoober,* and with him *Spencer Wareheim,* Assistant District Attorney, and *Amos W. Herrmann,* District Attorney, for appellant.

*James G. Glessner,* and with him *Charles Reider,* for appellee.

OPINION BY CUNNINGHAM, J., November 17, 1926:

In the prosecution of this appeal the representatives of the Commonwealth contend that although a jury sworn in the court below to try the issue joined between it and one John H. Hartley under an indictment charging him with assault and battery actually returned a verdict finding him "guilty" as indicted, such finding has, under the direction of the trial judge, been recorded as "not guilty."  There is no dispute with respect to the material facts.  The jury was properly instructed, inter alia, that if they convicted the defendant they had no power over the disposition of the costs.

It is the practice in the court below to send out with the jury not only the indictment but also a separate printed form containing appropriate blanks to be filled in by the jurors in making a memorandum of their verdict. The jury retired during the morning session on April 19, 1926, but did not agree upon their verdict prior to the noon recess. An agreement having been reached during that recess, the enclosed form was filled up, signed by all the jurors and sealed in an envelope. The jurors then separated for luncheon.

At the reconvening of court for the afternoon session the jurors, having reassembled, came into court, took their seats in the jury box and tendered the sealed verdict to the trial judge who opened the envelope and handed the written verdict to the clerk. An inspection of this paper as sent up with the record shows that after the formal introductory words it reads as follows: "that the defendant...... *John H. Hartley.........is........*Guilty in the manner and form as......*jury*......stand indicted......*assault and battery......Prosetruix one third of all costs* ...... *defendant two third of all costs* ...... and so say we all." The words printed in italics were written with pen and ink in the blank spaces on said form. The trial judge and the clerk each inadvertently (and probably because there is considerable space between the words "is" and "guilty" and also a disposition of costs in the written verdict) mistook the finding of the jury to be one of "not guilty," and the clerk so entered it on the docket. In accordance with the usual practice the clerk then directed the jurors to harken to their verdict as the court had recorded it. When the clerk read the finding as "not guilty" etc., the foreman of the jury arose from his seat in the jury box and asked the meaning of the verdict as read by the clerk. What then occurred is thus stated by the trial judge in his opinion: "When it was reread by the clerk the foreman stated that the

verdict was intended to be 'guilty,' with the division of the costs.'' Thereupon the representatives of the Commonwealth, suggesting that so much of the written verdict as related to the disposition of the costs was surplusage, objected to the recording of the verdict as a finding of ''not guilty'' and moved that it be moulded into proper form and recorded as a verdict of guilty as indicted. The proceedings then took the form, substantially, of a rule to show cause why this should not be done, to which rule the defendant filed an answer.

After argument the learned trial judge in an opinion filed discharged the rule and the Commonwealth took this appeal. We are unanimously of opinion that the court below erred in discharging the rule. There are several statements in his opinion which indicate that the trial judge was under a misapprehension with respect to the contents of the written verdict. Although the penmanship and spelling of the juror who filled in the blanks were not all that might be desired, it is perfectly clear from an inspection of the paper that the jurors first stated therein that the defendant ''is guilty'' as indicted and then proceeded to apportion the costs. Notwithstanding this plain import of the written verdict the learned trial judge seems to have been under the impression that the jury was trying to depart from it in open court. In the course of his opinion he says: ''the separation of the jury made the signed, sealed, verdict the only safe guide to their conclusions,'' and again that the jury by their separation ceased to be a jury except for the purpose of ''affirming their written verdict, signed and sealed before separation.'' The jury made no attempt to vary from their written verdict, but through their foreman merely informed the trial judge and the clerk that they had misread it. The verdict as now recorded is neither the verdict as written and signed by all the jurors nor as orally delivered by the foreman in open court. This

is not a case of a juror dissenting from a sealed verdict but of a foreman, manifestly speaking for all his fellow members of the jury, stating to the judge and clerk that they had not read and recorded the verdict correctly.

The superfluous attempt of the jury to dispose of the costs did not vitiate their finding that the defendant was guilty as indicted. The real verdict in this case was the one announced orally by the foreman in open court and not the sealed paper which was irregular in form. Under the circumstances the trial judge had power, and it was his duty, to put the finding into proper form by striking out the surplusage and to direct the true finding to be recorded. It has been repeatedly held that in criminal as well as civil cases the court has power to mould the verdict into proper form in the presence and with the acquiescence of the jury, and the verdict so received and recorded, and not the written memorandum of their finding, is the true verdict: Commonwealth v. Mills, 3 Pa. Superior Ct. 161; Commonwealth v. George, 12 Pa. Superior Ct. 1; Commonwealth v. Flaherty, 25 Pa. Superior Ct. 490; and Reitenbaugh v. Ludwick, 31 Pa. 131, 141, a case in which there was a sealed verdict.

The assignment of error to the order of the Court of Quarter Sessions of York County is sustained and the order reversed and it is now ordered that the rule be made absolute and the verdict of the jury in the case of Commonwealth v. John H. Hartley, No. 20 January Sessions of said court, recorded as "guilty as indicted" and that the case be proceeded with in accordance with law.