Opinion by
 

 Baldrige, J.,
 

 Thomas J. Haines, the appellant, a detective in the Township of Upper Darby, was indicted on four bills
 
 *167
 
 charging: (1) bookmaking, No. 382 June Sessions, 1940; (2.) aiding and abetting bookmaking, No. 383 June Sessions, 1940; (3) malfeasance, misfeasance, and nonfeasance in office, No. 384 June Sessions, 1940; and (4) conspiring with John J. McGuckin and Howard W. Stanton to engage in bookmaking and to set up and establish a gaming house, No. 432 June Sessions, 1940.
 

 The appellant stood trial before Judge Fronefield on these four indictments with McGuckin and Stanton on the one indictment. At the conclusion of the testimony the trial judge affirmed the second and third points submitted by the defendant requesting binding instructions for acquittal on the indictments charging defendants with bookmaking (No. 382) and conspiracy (No. 432), and refused the points for binding instructions on the other two indictments. The jury convicted McGuckin and Stanton, but stated to the court that they could not agree as to the guilt or innocence of Haines on any of the bills before them, The appellant thereupon moved the trial judge to return verdicts of “not guilty” on the two indictments charging bookmaking (No. 382) and conspiracy (No. 432). The motion was overruled and the jury discharged.
 

 Haines was called again for trial before McDade, J. He pleaded not guilty to all bills and also autrefois acquit to bills Nos. 3S2 and 432, which plea the judge refused to entertain. A trial was had and the defendant was convicted on all four bills. He was sentenced on each of two bills, malfeasance, misfeasance, and nonfeasance in office (No. 384), and conspiracy (No. 432), to imprisonment from one to two years and a fine of $500, both sentences to run. concurrently, and sentence was suspended on bills Nos. 382 and 383.
 

 The Commonwealth produced evidence, which we summarize as follows. On May 1, 1940, about 3:30 P.M.,
 
 *168
 
 Francis X. Kelly, a Corporal of tlie Pennsylvania Motor Police, and his associates raided a bookmaking establishment, which had the appearance of a residence, located at No. 20 Kent Eoad in Upper Darby Township. No response having been made to the ringing of the front doorbell, an entrance to the premises was gained through the cellar. When Kelly reached the second floor he found many indications that bookmaking was being conducted. Stanton and McGuckin were taken into custody by Kelly and turned over to other officers who took them from the premises. Kelly remained in charge of the house and the equipment until about 5:30 p.m. In the meantime information was being transmitted by various telephones that had been in operation as to “odds”, “horses” and other information concerning racing. At 4:28 p.m., after Stanton and McGuckin had been taken away, the defendant called on the phone and said: “Hey, Johnny,— Tommy Haines. Better watch yourself. They are up around the Clock.” When Kelly asked “Who?” the defendant answered: “You know who — the State Cops.” Kelly then informed him to whom he was speaking. Haines asked Kelly what he was doing down there and Kelly replied that he was making a raid.
 

 Between 5:30 and 6:00 p.m., the same day, the gambling paraphernalia was placed in a truck and Kelly, with other officers, went to a taproom known as the Clock, where other state policemen were bringing out gambling apparatus taken in a raid they had conducted on the third floor of the building in which the Clock was located. Haines, who was standing in the doorway of the taproom, called Kelly over and said: “Don’t get yourself in this too deep,” and then without further explanation walked away.
 

 The appellant argues that the binding instructions to acquit amount to acquittal as the jury’s function thereafter was purely ministerial, and the plea of
 
 *169
 
 autrefois acquit should have, been sustained. Judge Fronefield, in an opinion filed after the first trial, held that this plea, which presupposes a verdict, was not available as in fact there was no verdict rendered by a jury on either of those two indictments, and therefore, there was no acquittal;
 
 citing Commonwealth v. Friedman,
 
 94 Pa. Superior Ct. 491;
 
 Commonwealth v. Keeper of Phila. County Prison,
 
 76 Pa. Superior Ct. 98; and
 
 Commonwealth v. Biederman,
 
 109 Pa. Superior Ct. 70, 165 A. 765.
 

 Undoubtedly, the trial judge could have directed the clerk of the court to enter the verdicts he had directed the jury to i*eturn:
 
 Commonwealth v. Jones,
 
 303 Pa. 551, 554, 154 A. 480;
 
 Cherniak by. Gdn v. Prudential Insurance Co.,
 
 339 Pa. 73, 76, 14 A. 2d 334. But he did not do so and we must take the record as .it appears before us. Nothing short of an acquittal supports a plea of former acquittal:
 
 Commonwealth v. Harpster,
 
 63 Pa. Superior Ct. 74.
 

 Our conclusion is that the court correctly refused to sustain defendant’s plea.
 

 The appellant presents other reasons why the verdicts should not. stand, some of which, at least, we think have merit. It was not until after a raid had occurred, the bookmaking abated, and the operators arrested and taken away, that the belated attempt was made to give warning. That did not constitute an act of aiding or abetting bookmaking that had been stopped, nor was it active participation in a bookmaking establishment that was then in possession of the police officer of the Commonwealth. He could not aid or assist in the criminal conduct that had then ceased. He was too late to help them, but not to save himself on this charge. Nor was the proof sufficient to establish a conspiracy. No evidence was offered of any collaboration or participation tending to establish ade-, quately an unlawful combination. See
 
 Commonwealth
 
 
 *170
 

 v. Benz,
 
 318 Pa. 465, 467, 468, 178 A. 390, and
 
 Commonwealth v. Rosen et al.,
 
 141 Pa. Superior Ct. 272, 278, 279, 14 A. 2d 833. There is ample evidence to support the conclusion that Haines knew that Mc-Guekin and Stanton were operating as bookmakers in this house, but mere knowledge or even approval, of this criminal conduct, in the absence of proof of cooperation, did not constitute conspiracy:
 
 Commonwealth v. Perri,
 
 97 Pa. Superior Ct. 78, 89.
 

 We are of the opinion that the points for binding instructions as to the three indictments, Nos. 382, 383, and 432, should have been sustained for the reason that the evidence did not warrant a conviction.
 

 The evidence to support indictment No. 384, charging malfeasance, misfeasance, and nonfeasance in office, met the legal requirements and in our judgment was for the jury’s consideration.
 

 The defendant, as a detective, was required to investigate any and all complaints of violation of the criminal law occurring in Upper Darby Township. The Commonwealth showed that he, instead of being loyal and honest in discharging the duties of his office by detecting crime and aiding in the punishment of the offenders, was violating his official obligations and attempting to conceal crime and protect violators of the law. His actions showed a wilful dereliction and breach of his duties. See
 
 Commonwealth v. Kirk,
 
 141 Pa. Superior Ct. 123, 145, 14 A. 2d 914.
 

 The appellant seeks to evade punishment by arguing that he was taking only a preliminary step toward aiding those who were subsequently convicted of a criminal offense; that as these criminals were in custody before his message reached them, his act was unavailing and did not constitute in a legal sense an attempt to aid and abet McGuckin and Stanton to evade arrest and prosecution. With that argument we disagree.
 

 
 *171
 
 “An attempt* in general, is an overt act done in pursuance of an intent to do a specific thing, tending to the end hut falling short of complete accomplishment of it. In law, the definition must have this further qualification, that the overt act must he sufficiently proximate to the intended crime to form one of the natural series of acts which the intent requires for its full execution.”
 
 Commonwealth v. Eagan,
 
 190 Pa. 10, 21, 42 A. 374. There are two essential elements involved in an indictable attempt; first, the intent to commit a crime, and second, an ineffectual act done toward its commission
 
 [Commonwealth v. Crow,
 
 303 Pa. 91, 98, 154 A. 283 ;
 
 Commonwealth v. Johnson,
 
 312 Pa. 140, 148, 167 A. 344] both of which were shown in this case. If the. message had been a few hours earlier it would probably have accomplished its purpose.
 

 The appellant’s act, although unsuccessful, amply justified the verdict of guilty of malfeasance, misfeasance, and nonfeasance in office, by attempting to aid and abet McGuekin and Stanton to escape and evade arrest and prosecution for bookmaking.
 

 Complaint was made that the trial judge over-emphasized the Commonwealth’s testimony and disparaged, discredited and ridiculed the defendant, his counsel, and his witnesses. We have carefully examined the testimony, and while the court at times took an active part in the case, we think that his conduct or comments did not warrant the conclusion that defendant’s trial was unfair and partial.
 

 The judgments entered on indictments No, 382, bookmaking, No. 383, aiding and abetting bookmaking, and No. 432, conspiracy, are reversed. Judgment and sentence entered on No. 384, charging the defendant, as a detective, with malfeasance, misfeasance, and nonfeasance in office, are affirmed.
 

 It is ordered that the appellant appear in the court below at such time as he may there be called and that
 
 *172
 
 he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.