Commonwealth *v.* Kelley, Appellant.

Argued March 24, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

Curtis C. Carson, Jr., with him *Raymond Pace Alexander,* for appellant.

*Ephraim Lipschutz,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY FINE, J., April 20, 1948:

Charles Kelley, appellant, together with Hamilton Phillips, were indicted for attempted larceny [by trick]. Both defendants pleaded not guilty and waived a trial by jury. After the Commonwealth rested, appellant demurred to the evidence which demurrer the court below overruled. Neither appellant nor Phillips offered any evidence, whereupon the court below adjudged both defendants guilty of an attempt to commit larceny by trick and sentenced each to two and one-half to five years in the penitentiary. Kelley alone appealed on October 29, 1947. Appellant's exception to the action of the trial judge in overruling the demurrer was dismissed on March 11, 1948, by the court in banc, and by agreement this appeal was promptly heard on March 24, 1948.

The sole issue presented is whether the evidence establishes an attempt to commit larceny by trick or artifice. We are all agreed that it does not and that the court below erred in dismissing appellant's exception to the ruling of the trial judge upon the demurrer.

The Commonwealth's evidence established that on August 8, 1947, about 12:00 noon, near the Northwestern National Bank, Broad Street and Fairmount Avenue in Philadelphia, Frank A. Robinson, the prosecutor, was approached by one Hamilton Phillips who stated that he had just arrived from Mississippi and was looking for the Longene Hotel. Robinson, not knowing of a Longene Hotel, suggested to Phillips that he might have meant the Lorraine Hotel. At this point, Charles Kelley, appellant, appeared whereupon Phillips approached Kelley in the same manner that he had Robinson. Robinson was about to walk away when appellant requested him not to, that Phillips needed help or advice, that he had just arrived from Mississippi and had about $2,700.00, which he said he had just received from the Baltimore & Ohio Railroad for the death of his brother. Robinson advised Phillips to place the money in bank, prompting the reply from the latter that people in Missis-

sippi did not put money in banks. In an attempt to convince Phillips of the advisability of placing the money in a bank, and that such a course was available to colored people, he agreed to go to the Northwestern National Bank with him and withdraw $400.00 from his own account. The three men went to the bank and Robinson filled out a check at which time one Evelyn Lambert recognized Phillips and warned Robinson that she had lost $65.00 to Phillips sometime prior thereto as the victim of the 'pocketbook drop' trick. As a result of her warnings and accusations, Phillips and appellant were arrested. Robinson testified that no money was ever drawn from the bank on this occasion, nor were overtures made by appellant in regard to securing from the prosecutor of any money whatsoever. In such circumstances the evidence falls short of proof of an attempt to commit larceny by trick or artifice.

"An attempt . . . is an overt act done in pursuance of an intent to do a specific thing, tending to the end but falling short of complete accomplishment of it. In law, the definition must have this further qualification, that the overt act must be sufficiently proximate to the intended crime to form one of the natural series of acts which the intent requires for its full execution. So long as the acts are confined to preparation only, and can be abandoned before any transgression of the law or of others' rights, they are within the sphere of intent and do not amount to attempts": *Commonwealth v. Eagan*, 190 Pa. 10, 21-2, 42 A. 374. See *Commonwealth v. Ellis*, 349 Pa. 402, 404, 37 A. 2d 504; *Commonwealth v. Crow*, 303 Pa. 91, 98, 154 A. 283; *Commonwealth v. Haines*, 147 Pa. Superior Ct. 165, 171, 24 A. 2d 85; *Commonwealth v. Neubauer*, 142 Pa. Superior Ct. 528, 533, 166 A. 2d 450. What was said by Mr. Justice PATTERSON in *Commonwealth v. Ellis*, supra, is applicable here: "It is true that intent may be inferred from actions as well as words. These actions, however, must bear a reasonable relation to the commission of the felony. The record

discloses no overt act sufficiently proximate to the alleged intended crime which may properly be said to be one of the natural series of acts required for the commission of the crime. The verdict is one which under the evidence could only have been reached by, and based upon, conjecture and surmise rather than permissible inferences from evidence adduced."

It cannot be said that the acts of Kelley and Phillips had reached that point where it was within their power to commit the crime unless interrupted by some outside interference, or defeated by miscalculation of opportunity. To make an intentional act an indictable attempt it must go so far that it would result, or apparently result in the actual commission of the crime it was designed to effect, if not extrinsically hindered or frustrated by extraneous circumstances. Conceding that Kelley had a guilty intention, mere intention to commit a specified crime does not constitute an attempt. The law does not concern itself with guilty intention unconnected with an overt act to accomplish the design. Kelley and Phillips were probably devising the means, adopting the measures and pursuing their preparation which they deemed necessary for the consummation of the intended offense, but none of their acts were of such proximity to or leading to the consummation of the crime as to establish an attempt to commit it. There was no act moving directly toward the consummation of the offense after the preparation, as made by them, which could result in the commission of the crime, if not extrinsically defeated; or, as frequently expressed, there was no direct, ineffectual act done toward the consummation of the crime.

Whether Kelley and Phillips intended by some method, at some time and at some place to secure possession of a part, if not all, of the $400.00 which Robinson intended to withdraw from his account may be assumed but it is a matter of pure conjecture. Conjecture is not a substitute for evidence and a conviction based thereon must be set aside. While practical administration of

the law must not be thwarted by subtleties as to what acts are preparation and what acts are attempts, we must always be mindful that the law must be applied to obtain substantial justice. The evidence, at most, established only acts of preparation for the subsequent perpetration of larceny by trick or artifice. Cf. *Commonwealth v. Eagan,* 190 Pa. 10, 22, 42 A. 374; *Commonwealth v. Flaherty,* 25 Pa. Superior Ct. 490, 492.

Judgment reversed, the conviction is set aside, and appellant ordered discharged.