J-S39010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC WILLIAM SHAY | |
| Appellant | No. 1385 MDA 2017 |

Appeal from the Judgment of Sentence Entered June 29, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0000276-2015

BEFORE: STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 18, 2018**

Appellant Eric William Shay appeals *nunc pro tunc* from the June 29, 2016 judgment of sentence entered in the Court of Common Pleas of Lackawanna County ("trial court"), following his jury convictions for unlawful contact with a minor, criminal attempt to commit involuntary deviate sexual intercourse, criminal attempt to commit indecent assault, unlawful contact with a minor to transmit obscene material to a minor, and criminal use of a communications facility.[1] Upon review, we affirm.

The facts and procedural history of this case are undisputed. As summarized by the trial court:

> The charges in this case arose on February 3 and 4, 2015, when [Appellant], using an online service called "Grindr" and his cell phone, contacted an undercover special agent of the

---

[1] 18 Pa.C.S.A. §§ 6318(a)(1), 901(a), 3123(a), 3126(a), 6318(a)(4), and 7512(a), respectively.

Pennsylvania Attorney General's office, whom he believed to be a 14-year-old boy, for the purpose of engaging in involuntary deviate sexual intercourse. [Appellant] sent the agent obscene pictures and arranged to meet him at the Turkey Hill in Dunmore on February 4, 2015 for the purpose of engaging in sexual intercourse. When he arrived, he was approached by law enforcement. He admitted that he was there to meet a 14 or 15-year-old boy in order to have sex with him, and was arrested.

On February 16, 2016, a jury trial commenced and concluded on February 17, 2016. The Jury found [Appellant] guilty of one count of unlawful contact with a minor, one count of criminal attempt to commit involuntary deviate sexual intercourse, one count of criminal attempt to commit indecent assault, one count of unlawful contact with a minor to transmit obscene material to a minor, and one count of criminal use of a communications facility. On June 29, 2016, he was sentenced to 5.5 to 15 years, followed by 2 years of special probation on count one; and 1 to 4 years, followed by 2 years of special probation on count four, consecutive to count one. The sentences for the other charges merged with these sentences. He was also directed to register under the Sexual Offenders Registration and Notification Act [(SORNA)] for the rest of his life. [Appellant] filed numerous *pro se* motions and on January 6, 2017, new counsel was appointed. On April 11, 2017, counsel filed a PCRA petition seeking reinstatement of [Appellant's] appellate rights *nunc pro tunc*. On August 1, 2017, [Appellant's] petition was granted.

On August 30, 2017, [Appellant] filed a notice of appeal of the judgment of sentence to [this Court]. On September 5, 2017, [the trial] court ordered [Appellant] to file a concise statement of [errors] complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). On September 25, 2017, [Appellant] filed a [Rule 1925(b)] statement.

Trial Court Opinion, 10/20/17, at 2-3 (unnecessary capitalizations omitted).

In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that

Appellant does not merit any relief.

On appeal, Appellant raises two issues for our review.

[I.] Did the trial court err and/or abuse its discretion when sustaining the Commonwealth's objection, upon characterization, to the cross examination by [Appellant's] counsel when the line of questioning and corresponding reference by defense counsel did not characterize any testimony, but, rather was an inquiry of the steps undertaken by the investigating agent in communicating with [Appellant]?

[II.] Did the trial court err and/or abuse its discretion in failing to provide a modified instruction of the definition of "attempt", PSSCJI § 12.901, as requested by defense counsel and which would have been a more accurate and complete definition and consistent with Pennsylvania case law?

Appellant's Brief at 3.

Appellant's first issue challenges the trial court's evidentiary ruling. It is settled:

[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Tyson*, 119 A.3d 353, 357-58 (Pa. Super. 2015) (internal citations omitted). Moreover, an appellant bears a "heavy burden" to show that the trial court has abused its discretion. *Commonwealth v. Christine*, 125 A.3d 394, 398 (Pa. 2015). "[A]n appellate court may affirm a valid judgment based on any reason appearing as of record, regardless of whether it is raised by appellee." *Commonwealth v. Moore*, 937 A.2d 1062, 1073 (Pa. 2007) (citation omitted).

"[C]ross-examination is the primary method for testing the believability of a witness and the truth of his testimony." *Commonwealth v. Chmiel*, 889 A.2d 501, 527 (Pa. 2005) (citation omitted). Pennsylvania Rule of Evidence 611(b) addresses the scope of cross-examination, providing that "[c]ross-examination of a witness other than a party in a civil case should be limited to the subject matter of the direct examination and matters affecting credibility; however, the court may, in the exercise of discretion, permit

inquiry into additional matters as if on direct examination." Pa.R.E. 611(b). "Cross-examination may be employed to test a witness' story, to impeach credibility, and to establish a witness's motive for testifying. The scope of cross-examination is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion." *Chmiel*, 889 A.2d at 527 (citation and quotation marks omitted).

Appellant argues that the trial court abused its discretion in sustaining the Commonwealth's objection based upon improper characterization of evidence. He argues that, on cross-examination of Special Agent Duane Tabak,[2] his counsel sought to challenge Agent Tabak's direct examination testimony insofar as Agent Tabak testified that he did not initiate online conversations. Specifically, on cross-examination, the following exchange took place between trial counsel and Agent Tabak.

Q. At 12:10 p.m., I believe this is on I think your page 14. Do you have these texts in front of you?

A. Are you looking at Grindr chats? Yes, okay. What time?

Q. 12:10 at the top of the page. At 12:10 [Appellant] asks you –

A. He asks me, "You horny?"

Q. And what do you respond?

A. At 12:11 I respond: "You check the bus schedule?"

Q. And what does [Appellant] say?

A. "Want to see my dick or wait to see it in person?" "Not yet, holdup."

---

[2] Agent Tabak testified that he worked for in the Child Predator Section of the Office of the Attorney General. N.T. Hearing, 2/16/16, at 38.

Q. And then at 12:12 [Appellant] says?

A. It says, okay

Q. Down below here.

A. I'm sorry. "Hope you like it. It's . . . inch and uncut."

Q. Okay. And that's at 12:12. And then you respond again what's the schedule look like?

A. Yeah.

Q. So again there's another gap of time there and **you're reinitiating** – you're **pushing** what's the schedule look like, what's the schedule look like, correct?

[Assistant District Attorney]: Your Honor, I'm objecting to the characterization. It's one thing to read the chats but to characterize them –

[The trial court]: I agree. And that last question should be stricken and the jury should disregard it.

[Defense Counsel]: I have nothing, Your Honor, thank you.
[The trial court]: All right. Okay. You may step down.
[Witness]: Thank you.

N.T. Trial, 2/17/16, at 49-51 (emphasis added).

Based upon our review of the record, we cannot conclude that the trial court abused its discretion in sustaining the Commonwealth's objection. Instantly, on direct examination, Agent Tabak testified that he did not initiate conversations with users on Grindr. N.T. Trial, 2/16/16, at 48. Appellant claims that, on cross-examination, his trial counsel attempted to inquire "into steps undertaken by the investigating agent in communicating with Appellant." Appellant's Brief at 11. The trial court that using words such as "reinitiating" and "pushing" "went beyond making an inquiry into steps undertaken." Trial Court Opinion, 10/20/17, at 4. These were

- 5 -

characterizations of the online chats at issue. We cannot say that the trial court's exercise of judgment was unreasonable. Accordingly, Appellant's first issue fails.

We now turn to Appellant's second argument that the trial court abused its discretion when it failed to adopt jury instructions proposed by trial counsel on the definition of "attempt." Appellant's Brief at 15.

> Our standard of review in assessing a trial court's jury instruction is as follows. When evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. A trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Miller*, 172 A.3d 632, 645 (Pa. Super. 2017) (quotation marks and citations omitted).

Here, the record reflects that, while the parties were reviewing jury instructions with the trial court, trial counsel requested the following modified instruction regarding attempt, which she quoted verbatim from *Commonwealth v. Kelley*, 58 A.2d 375 (Pa. Super. 1948).[3] "*If the acts are confined to preparation only, and can be abandoned before any transgression of the law or of others' rights, they are within the*

---

[3] Appellant does not explain why or how the quoted language on attempt borrowed from *Kelley* is different from the standard instruction on the same element.

- 6 -

***sphere of intent and do not amount to attempt***."[4] N.T. Trial, 2/17/16, at 86 (citing ***Kelley***, 58 A.2d at 376) (emphasis added). The trial court refused, and instead provided an instruction based on the Pennsylvania Suggested Standard Criminal Jury Instructions § 12.901, which in part reads as follows:

> First of all, let me address the issue of intent. A person cannot be guilty of an attempt to commit a crime unless he has a firm intent to commit the crime. ***If he has not definitely made up his mind, if his purpose is uncertain or wavering, he lacks the kind of intent that is required for an attempt***.

N.T. Trial, 2/17/16, at 149 (emphasis added). Based on our review of the record, we agree with the trial court's conclusion that the standard jury instruction on attempt adequately covered Appellant's proposed instruction. Appellant fails to cite any legal authority to suggest that the jury instructions here were deficient. Additionally, he does not explain why or how his proposed instruction would be helpful to the jury. Accordingly, we find that the trial court's adoption of the standard jury instructions for attempt did not amount to an abuse of discretion. Appellant's second issue fails.

 Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/18/2018

---

[4] According to trial counsel, this proposed instruction more accurately reflected the case law regarding attempt.

- 7 -